Frank Fox *et al.* Appellees, *vs.* W. F. Fox *et al.* Appellants.

*Opinion filed June 20, 1911.*

1. Trusts—*a resulting trust does not arise out of contract.* A resulting trust does not arise out of contract but arises by implication of law where the necessary facts exist.

2. Same—*express trust need not be declared by trustee in any particular form.* It is not necessary that an express trust shall be declared by the trustee in any particular form or that a writing be framed for the purpose of declaring the trust, but such declaration may be found in letters, memoranda or writings of the most informal nature.

3. Same—*express trust may be declared by answer in chancery signed by trustee.* An express trust may be declared by an answer in chancery signed by the party who in law is entitled to declare it, but the terms of the trust must be gathered from the whole answer as it stands.

4. Same—*no particular form of words is necessary to create a trust.* No particular form of words is necessary to create a trust, and if the writing states a definite subject and object it is not necessary that every element required to constitute it be expressed in detail, as parol evidence is admissible to make clear the details.

5. Same—*question whether there is an equitable conversion depends upon terms of trust.* Ordinarily an essential requisite for an equitable conversion is an absolute expression that the land shall be sold, and an equitable conversion does not exist where the terms of the trust do not make it imperative that the land be sold but make its sale dependent upon the agreement of certain parties as to the time and price.

6. Same—*if duration of trust is doubtful, equity may be asked to terminate it.* If the duration of a trust is doubtful it is proper to call upon a court of equity to terminate it, as a trust will not be continued merely for the benefit of the trustee.

7. Same—*when beneficiaries are entitled to have a trust terminated.* When the purposes of a trust have been accomplished and the trustee holds the property in simple trust, the beneficiaries having the absolute equitable ownership, the beneficiaries are entitled to have the trust terminated; and the same rule applies if it becomes impossible to carry out the trust.

8. Same—*a trustee is not entitled to compensation unless there is some provision for it.* A trustee is not entitled to compensation for personal attention or loss of time, in the absence of some pro-

vision of the statute or in the instrument creating the trust authorizing such compensation.

9. SAME—*when trustee is not entitled to an allowance for attorney's fees.* A trustee is not entitled to an allowance for an amount paid by her to an attorney for services, where it appears such attorney was one of the beneficiaries and that he had agreed to furnish his services without compensation.

10. PARTITION—*when bill for partition and accounting will lie.* A bill against a trustee for an accounting and for partition of the land among the beneficiaries will lie where the beneficiaries have the absolute equitable title to the land as tenants in common and the purposes of the trust have been accomplished.

11. FIDUCIARY RELATIONS—*when assignment to former attorney is properly set aside.* A beneficiary who has acted as the attorney in the affairs of a trust estate owes to another beneficiary from whom he is about to purchase her interest the duty of disclosing to her his knowledge as to the value of such interest, and the assignment should be set aside if he fails to prove perfect good faith upon his part and that he paid a fair price for such interest.

APPEAL from the Circuit Court of Clay county; the Hon. A. M. ROSE, Judge, presiding.

JOHN LYNCH, EUGENE L. MARTIN, and W. F. FOX, for appellants.

JAMES H. SMITH, and R. W. NELSON, (T. S. WILLIAMS, guardian *ad litem,*) for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is a bill filed by appellees in the circuit court of Clay county, to the September term, 1909, asking for an accounting from the appellant Mary A. Fox, trustee, for the setting aside of a certain deed, and that the lands in the name of the trustee be vested in the owners and partitioned or sold. After the taking of testimony and a report by the master in chancery a decree was entered in substantial conformity with the prayer of the bill. From that decree this appeal has been prayed.

Patrick Fox died intestate on June 19, 1887. He was unmarried and left no children or descendants. His only heirs-at-law were Michael W. Fox and Frank Fox, his brothers; Bridget Kelly and Mary Fox, his sisters; and eight children of a deceased brother, Bernard Fox. He left land in Clay and Gallatin counties, Illinois, aggregating in all about one thousand acres. In 1894 these heirs commenced a partition suit in the circuit court of Clay county, which was prosecuted to a decree of sale, and pursuant to the decree the master advertised the lands for sale. Frank Fox, representing himself and his brother and sisters, and W. F. Fox, (who was the son of the deceased brother, Bernard Fox,) representing his brothers and sisters, some of whom were then minors, concluded that if the land was sold to strangers at this sale it was liable to be sacrificed. They agreed that W. F. Fox should attend the sale and bid in the property, if necessary. Accordingly he attended the sale, and as the land did not go to a satisfactory price he bid it in in the name of his sister, Mary A. Fox, as trustee. The master's deed was issued to Mary A. Fox, trustee, but did not name the beneficiaries nor designate the power of the trustee nor the duration of the trust. Pending the hearing of the partition suit, in 1894, Anna J. Fox, a sister of appellant W. F. Fox, by her attorney in fact, W. F. Fox, conveyed her undivided one-fortieth interest in the lands in question to her uncle, Frank Fox, it being understood that he should hold this interest in trust for her benefit. The decree in the original partition suit, in 1894, vested this undivided interest in Frank Fox absolutely. It decreed that he owned the undivided nine-fortieths interest in the said land, Mary Fox owned one-fifth, Bridget Kelly one-fifth, Michael W. Fox one-fifth and the children of Bernard Fox (except Anna J.) each an undivided one-fortieth interest in said premises. It is claimed by appellees (and there is evidence in the record tending to uphold this claim) that appellant W. F. Fox, being the only

lawyer in the family, engineered and advised the sale by
the master to his sister as trustee, explaining to his uncle,
Frank Fox, that it would be much better to take the title
in one person for the purpose of making conveyances of the
land, both because some of the beneficiaries were minors
and therefore unable at that time to execute deeds, and
further because of the fact that Mary Fox, the sister of
Frank Fox, was in a convent and did not wish to be an-
noyed with worldly matters; that they could probably sell
the land to better advantage in small tracts; that the agree-
ment was that the trustee should keep the title of the unsold
land in her until the youngest child of Bernard Fox became
of age, unless all the land was sold prior thereto; that it
was further agreed between Frank Fox, representing him-
self and his brother and sisters, and W. F. Fox, represent-
ing himself and his brothers and sisters, that Frank Fox
should act as the financial agent of all the parties, negotiate
the sale of these lands and should personally supervise and
attend to the same; that Mary A. Fox should sign and ac-
knowledge deeds as directed by Frank Fox and W. F. Fox;
that W. F. Fox was to act as legal adviser for all parties
in interest, and that each should render all necessary ser-
vices without compensation.

Appellants agree substantially as to all of the matters
above set forth with reference to the original partition suit
and the sale of the property to Mary A. Fox as trustee, but
they disagree as to the terms of the trust. In the answer
of Mary A. Fox it is claimed that subsequent to the sale
it was agreed between Frank Fox, representing four-fifths
of the interests, and W. F. Fox, representing the remaining
one-fifth, that the said Mary A. Fox, trustee, should hold
the title in trust for the heirs (as their interests appeared
at the time of Patrick Fox's death) until such time as a
sale of the whole could be made, in tracts or in entirety;
that as such sales were made she was to make deeds to the
purchasers, and that the price should be that agreed upon

and consented to by both Frank Fox and W. F. Fox; that after paying the expenses incident thereto, Mary A. Fox, trustee, was to divide the net proceeds in accordance with the interests of each heir-at-law, and that the title was to remain in said trustee until all the lands formerly owned by Patrick Fox in Clay county were sold and disposed of.

It is insisted by appellants that this trust must be held to be an express trust and not a resulting trust; that so far. as the parties who were of age at the time it was entered into are concerned, it is based on a contract, and the heirs who were then minors have since ratified it. A resulting trust does not arise out of a contract, but is an implication of law from the existence of facts necessary to justify such implication. (*Monson* v. *Hutchin,* 194 Ill. 431.) This was an express trust as to the adults but was a resulting trust as to those who were minors at the time the deed was taken in the partition suit in the name of Mary A. Fox, trustee. These minors now being of age, insist that it shall be held an express trust, and it will therefore be so treated as to all the parties.

It is further argued by appellants that an express trust cannot be sustained except by writing, and there is no writing by which Mary A. Fox can be bound as trustee, except her answer in this proceeding. It is not necessary that the trust should be declared by the trustee in any particular form or that a writing should have been framed for the purpose of declaring the trust, but such declaration may be found in letters, memoranda or writings of the most informal nature. (*Whetsler* v. *Sprague,* 224 Ill. 461, and cases cited.) It is well settled that an express trust may be declared by an answer in chancery signed by the party who in law is entitled to declare it. (*White* v. *Ross,* 160 Ill. 56; *Myers* v. *Myers,* 167 id. 52.) The terms of the trust must be gathered from the whole answer as it stands. (1 Perry on Trusts,—6th ed.—sec. 85; Lewin on Trusts,— 9th ed.—55.) No particular form of words is necessary

to create a trust when the writing makes clear the existence of a trust. (*Orr* v. *Yates,* 209 Ill. 222.) If it states a definite subject and object, it is not necessary that every element required to constitute it must be so clearly expressed in detail that nothing can be left to inference or implication. Parol evidence is admitted to make clear such details. "If the writing makes clear the existence of a trust the terms may be supplied *aliunde."* *Kingsbury* v. *Burnside,* 58 Ill. 310; 1 Perry on Trusts, (6th ed.) sec. 82; *Cagney* v. *O'Brien,* 83 Ill. 72; 28 Am. & Eng. Ency. of Law, (2d ed.) 879, and cases cited.

Conceding that on this record the terms of the trust, so far as they are supplied by the answer of the trustee, must control, it does not necessarily follow, as contended by appellants, that there could be no distribution of the assets or partition of the estate until all the land is sold. We shall refer to this again at greater length. It can be better understood if we first set out the further history of the transactions.

The evidence discloses that Frank Fox paid the entire cost of the partition proceedings in 1894; that the first lands that were sold under the trust agreement were all those in Gallatin county, the total selling price of that property being paid over to the trustee direct; that since then there have been two pieces sold of the Clay county lands, the two sums of money being paid to Frank Fox, and that later another tract of Clay county land was sold, the money being paid directly to the trustee; that from the time of Patrick Fox's death, down to and including the year 1903, Frank Fox from his own funds paid the traveling expenses of himself and W. F. Fox incurred in looking after these lands. Bridget Kelly died in 1901, leaving as her only heir-at-law her daughter, Anna Staggenborg, now Anna Frommel. She left a will, which was set aside by the courts of Kentucky. The one-fifth interest of Bridget Kelly thereupon vested in Anna Frommel. Mary Fox, the

other sister of Patrick Fox, died intestate in February, 1904, and her interest in this property vested in Frank Fox, Michael W. Fox, Anna Frommel and the eight children of Bernard Fox. Frank Fox was appointed administrator of her estate. The youngest of the minor children of Bernard Fox became of age in 1904. Some of the land has been sold and deeds executed by the trustee since that date, apparently with the sanction of all parties. Michael W. Fox was one of the original complainants in this suit but has since died. He left a last will and testament, by the terms of which the appellee Frank Fox was made sole legatee. A supplemental bill setting up these facts has been filed.

After the will of Bridget Kelly was set aside, Anna Frommel, (then Anna Staggenborg,) on September 30, 1904, assigned all of her right, title and interest in the estate of Patrick Fox to appellant W. F. Fox for $950. It is contended by appellees, and so found by the decree, that the assignment was made upon the representation that it was for the use and benefit of Frank Fox, who was to hold the title thereof for the benefit of the three children of Anna Frommel. The decree set aside this assignment to W. F. Fox and found said interest in Frank Fox, as trustee of said three children of Anna Frommel. The decree found the amounts due and unpaid for the land already sold, from the trustee to the various beneficiaries. It further ordered that the trust in said Mary A. Fox be terminated and that the title held by said trustee be vested in the former *cestuis que trust* as tenants in common; that said Mary A. Fox be divested of all right, title or other claim as such trustee, and that each of the parties be entitled, in fee simple, to the respective shares and interests as follows: Frank Fox, 80-160; Frank Fox, trustee of Alice, Helen and Dorothy Staggenborg, 40-160; Frank Fox, trustee of Anna J. Fox, 4-160; Anna J. Fox, 1-160, and William F. Fox, Mary A. Fox, Bertha G. Fox, John P.

Fox, Bernard C. Fox, May Fox and Joseph E. Fox each 5-160; that a division and partition of the premises be made and commissioners appointed therefor, and that if the premises were not susceptible of division without prejudice the commissioners should report their appraisement.

It is clear from the terms of the trust as set out in the answer of the trustee that no definite time was set when the property should be sold and the trust terminated. It is also apparent from the evidence in this record that appellee Frank Fox and appellant W. F. Fox, who according to said answer were to decide on the price for the property sold, do not agree as to the steps to be taken to terminate the trust. It is contended by the appellants that the trust cannot be terminated until the land is sold, but the chief reason urged by them why it should not now be terminated and closed is, that it is inequitable to charge the costs of this proceeding to them in view of the terms of the trust. There is no claim made that the decree of the court sacrifices the interests of any of the beneficiaries. It is conceded by appellants that it is the duty of every trustee to keep an accurate, full and fair account of all transactions and to have the said accounts ready for inspection and to render them promptly upon reasonable notice, but it is contended that the appellee Frank Fox cannot compel such an accounting as he has never made any accounting to the trustee of the moneys he has received from the sale of lands. The evidence discloses that Frank Fox has paid out more money in caring for the trust estate than he received from the sale of the trust lands. The master found that there was a certain sum of money due him yet from the receipts of the lands already sold, over and above what had been paid him by purchasers and by the trustee.

In this connection it is contended by counsel for appellees that partition proceedings do not lie, because under the terms of this trust there is an equitable conversion of the real estate. The persons found by the decree to be

vested with interests in the unsold land had the equitable title thereto, and under the reasoning of this court in *Bissell* v. *Peirce,* 184 Ill. 60, *Johnson* v. *Filson,* 118 id. 219, and *Fitch* v. *Miller,* 200 id. 170, a bill would lie for partition and accounting.

The question as to whether there was conversion under this trust is to be determined from the terms and conditions of the trust. We do not think those terms, as established in this record, made it imperative to sell the land. Ordinarily, an essential requisite for equitable conversion is an absolute expression that the land should be sold. (3 Pomeroy's Eq. Jur.—3d ed.—sec. 1159.) This sale was dependent upon the agreement of certain parties as to price and time.

As we have seen, the time when this trust should terminate, as set forth in the answer of the trustee, rests upon the uncertain condition of the agreement of the two parties as to the price. It would necessarily end at the death of one of those two parties. If they cannot agree it is not reasonable to construe the trust to mean that it should continue indefinitely. Furthermore, there has been the death of three of the beneficiaries since the trust was created, and all who were minors at that time have become of age. It has been held that where the beneficiaries have become of age or died, the trust will, under certain circumstances, expire. (28 Am. & Eng. Ency. of Law,—2d ed.—949, and cases cited.) If the question of the duration of the trust is doubtful it is proper for a court to be asked to construe the trust on that point. (2 Perry on Trusts,—6th ed.— sec. 920.) A trust will not be continued merely for the benefit of the trustee or in order that he may continue to receive compensation. When the purposes of the trust have been fulfilled and the trustee holds the property on a simple trust, the beneficiaries having the absolute equitable ownership of the fund are entitled to have the trust terminated. The same rule applies if it becomes impos-

sible to carry out the trust. (2 Perry on Trusts,—2d ed.— sec. 920.) From everything shown in this record we think it is clear that for the benefit of all parties this trust should be terminated and the subject matter divided among the beneficiaries. Nothing has been done by any of the beneficiaries that would estop them from asking for the termination of the trust, and there is no claim made that it would be advantageous to any of them to have it continued.

Counsel for appellants further contend that the finding of the decree setting aside the assignment from Anna Staggenborg (Frommel) to W. F. Fox was not justified by the evidence in the record. It appears from the evidence that when this assignment was made W. F. Fox was the only one connected with it that was fully acquainted with the value of that interest, and while Anna Frommel had attorneys representing her who had investigated as to the value of the property, it also appears by the great weight of the evidence that she did not know at this time that her aunt, Mary Fox, had died and that she (Anna Frommel) was entitled to receive a part of her aunt's interest. The evidence also shows that she supposed the property was being sold to her uncle, Frank Fox, that W. F. Fox was acting for him, and that Frank Fox was buying this interest for the benefit of her three children. In view of the fact that W. F. Fox was the only attorney in the family and had been acting for practically all of the heirs up to this time, we think his relations with Anna Frommel were of such a character that it was his duty to give her full and complete information as to all of the facts in connection with her interest. In our judgment the weight of the evidence is to the effect that at the time she sold her interest for $950 it was worth, as the court found, at least four times that amount. W. F. Fox, as former attorney of the heirs of Patrick Fox, was not entirely incapacitated from purchasing this interest, but the burden of proof on this record

was upon him to show the most perfect good faith on his part and that a fair price was paid for the interest purchased. (*Roby* v. *Colehour,* 135 Ill. 300; *Beach* v. *Wilton,* 244 id. 413.) This he did not show and the court rightly set aside the assignment.

Subsequent to the conveyance by Anna Staggenborg to W. F. Fox of all her interest in the estate she executed another deed of all her interest to one McDermott, and the latter then executed a deed of the same property to Frank Fox, as trustee for the three children of Anna Staggenborg. The decree in the trial court set aside the assignment to W. F. Fox and held that the interest of Anna vested in Frank Fox, as trustee for said three children, under the deed from McDermott, and that Frank Fox, as trustee, should re-pay to W. F. Fox the $950 which the latter had paid to Anna Staggenborg for her interest. In this connection it is urged by counsel for appellants that Frank Fox's interest as trustee for the children of Anna Frommel was obtained by a deed which vested him only with a passive or dry trust, with no active duties to perform, and that it would be at once executed by the Statute of Uses, so that he could not maintain an action in relation to any of the property conveyed. On this record we do not think that W. F. Fox, or any one of the appellants, is in a position to raise this question. Anna Frommel's children are made parties to this proceeding and ask by their guardian *ad litem* that the trust be declared to be in Frank Fox.

The trustee asked the court below for the allowance of $1000 which she had paid to her brother, the appellant W. F. Fox, who had acted as her attorney since the trust was placed in her hands. In distributing the funds which had been paid out by the trustee, in several of the statements accompanying the check the trustee, through her attorney, W. F. Fox, stated that $1000 had been paid him as attorney's fees, and no objections appear to have been

made by any of the beneficiaries. We do not think the doctrine of settled accounts applies in this case to attorney's fees. The evidence does not show that any of the beneficiaries settled with the trustee in full and assented to the attorney's fees. There is nothing in the written memoranda that we have in this record concerning the conditions of the trust that refers in any way to compensation to be paid to the trustee or to her attorney. Frank Fox testified that he and the trustee and W. F. Fox were to give all their services gratis, and we do not find any contradiction of this statement in the record. The decree of the court found that W. F. Fox was not entitled to $1000 attorney's fees that had been paid to him and that the trustee should account for this amount to the beneficiaries. The decisions in this State hold that a trustee is not entitled to compensation for personal trouble and loss of time, in the absence of some provision of the statutes or of the instrument creating the trust allowing him compensation. (*Cook* v. *Gilmore,* 133 Ill. 139; *Buckingham* v. *Morrison,* 136 id. 437; *Gray* v. *Robertson,* 174 id. 242.) This record shows that Frank Fox, who has given a great deal of time to the care of this trust estate, has never charged anything for his time and was not allowed any compensation by the decree. A trustee is entitled to be allowed attorney's fees, under proper circumstances, when it is necessary to protect the trust fund. (*Nevitt* v. *Woodburn,* 190 Ill. 283.) In view of the testimony that W. F. Fox was to serve as attorney without compensation, we are not disposed to disturb the decree of the chancellor on this point.

The decree of the circuit court will be affirmed.

*Decree affirmed.*