(No. 25214.—                    )

MINNIE A. HAZLETT *et al.* Appellees, *vs.* LURENA MOORE *et al.* Appellants.

*Opinion filed October 13, 1939.*

WHITMORE & WHITMORE, for appellants.

COSTIGAN & WOLLRAB, for appellees.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

Minnie A. Hazlett and I. Newton Peasley filed in the circuit court of McLean county a complaint asking for the partition of 431 acres of land located in that county. The land in question had been the property of Isaac N. Peasley, the father of the plaintiffs and certain of the defendants. He died intestate leaving no widow surviving but seven children as his only heirs-at-law. Luther J. Moore, husband of one of the defendant heirs, upon the death of Peasley was named as administrator of the estate. Shortly after the death of Peasley and after letters of administration were granted to Moore, a deed was executed signed by the heirs which recited therein that it was made for the purpose of conveying to the grantee, Moore, the full legal title thereto. Moore executed a declaration of trust to the heirs. It recited that the deed from the heirs to him was not as a purchaser in his own right but in trust to execute certain oral suggestions and agreements which the instrument stated were concurred in by the grantors named in the deed, and that of his own volition and in consideration of the execu-

tion and delivery to him of the deed mentioned he proposed to carry out the terms and conditions of the trust. The conditions, in substance, were that the grantee named was to manage and control the real estate during his ownership for the use and benefit of the heirs; that he was to apply the rents, issues and profits to the payment of the mortgage liens against the real estate, pay the just debts and funeral expenses of Isaac N. Peasley, deceased, and the costs of administering the estate. The grantee agreed to sell and convey the real estate as soon as a satisfactory price, agreeable to the heirs, could be obtained, and, as administrator, should distribute the net proceeds among the heirs according to their respective interests. The declaration of trust recited that the several heirs and their spouses had agreed that, by the delivery of the deed to Moore, they parted with all their title to the real estate and had agreed in lieu thereof to accept in cash their respective shares of the net proceeds of the sale thereof, less the amount required for certain mortgage liens, debts and deductions. Evidence was heard by a master in chancery who made a report to the court, to which objections were filed and stood as exceptions. The court sustained the exceptions and entered a decree in favor of the plaintiffs. The defendants appealed from the decree.

Certain testimony was offered tending to explain the circumstances leading up to the execution of the deed and declaration of trust, but was thereafter withdrawn, and is not before us. The two instruments were introduced in evidence. They were dated the same day but copies of the declaration of trust were not delivered to the heirs until some days thereafter. Moore was discharged as administrator but had a small amount of cash in his possession undistributed. He continued in the management of the land after his discharge as administrator and filed a report as trustee and has asked for trustee's and attorney's fees. The master concluded from the record that there was an equitable conversion of the real estate; that the heirs had con-

veyed all of their title to Moore which he held under an active trust, and that by their agreement the plaintiffs were estopped from having partition, and he recommended the dismissal of the complaint for want of equity. The chancellor held that as there was no definite time within which the real estate should be sold and as the price for which it was to be sold was to be determined by the heirs, that they were the equitable owners of the land and had the right to have the trust terminated and the land partitioned. The legal effect of the acts of the parties in the execution of the instruments mentioned and the incidental questions passed upon by the master and chancellor are now before this court for determination.

Counsel for the defendants state that this is a fitting case for the application of the doctrine that equity considers that done which ought to be done. To create an equitable conversion requires a clear and imperative direction. (*Lockner* v. *VanBebber,* 364 Ill. 636.) While the declaration of trust recited that the heirs had parted with all their title to the real estate and had agreed in lieu thereof to accept in cash their respective shares of the net proceeds of a sale thereof none of the heirs had signed the instrument. The deed was evidence that the heirs had parted with their legal title. The declaration of trust purported to explain the purpose of the execution of the deed. The character of personalty, however, was not impressed upon the real estate conveyed by the deed to Moore and the heirs executed no other instrument to that effect. The declaration of trust did not create in the trustee discretion to determine the amount of the sale price of the land, but the price was to be agreed upon by the beneficiaries. Counsel for the defendants say the fact that the beneficiaries were given discretion with respect to the time of sale would not prevent conversion, and cite 13 Corpus Juris, page 868, section 37. Two cases are cited in that volume in support of the text. In one, *Crane* v. *Bolles,* 49 N. J. Eq. 373, there

was a provision in a will empowering the testator's executors, upon the request or by the consent of the majority of his children, to sell certain land upon the terms and for the price the executors should deem proper. The court held that it was apparent from the will that the sale imperatively was to be made within a short time or during the lifetime of the testator's widow. The executors had complete dominion over the real estate. In the other case (*Mellon* v. *Reed*, 123 Pa. 1) there was a question whether there was an equitable conversion of realty into personalty. The widow was given a right by the testator's will to "detain" a sale, but the power to sell was not contingent or conditioned upon her consent and it was held there was an equitable conversion. In this case there was no unconditional duty imposed upon the trustee to make a sale until the heirs agreed upon the price, and there was no definite time provided for the sale or for the termination of the trust. If any inference as to a definite time for the termination of the trust is justified from the language of the declaration of trust it is that the trust should exist only during the administration of the estate. The net proceeds of a sale, when made, were to be distributed by Moore "as administrator." Moore signed the instrument as "Administrator of the Estate of Isaac N. Peasley, deceased, and Trustee to make sale of his real estate." Upon his discharge as administrator of the estate, he held only as trustee. The only interest in the property which Moore had was an inchoate right of dower as the husband of Lurena Moore, one of the heirs. The heirs were the owners of the land upon the death of their father, and their conveyance to Moore was one of convenience for their own benefit. If the trust was not to be executed within the period of administration then there is no time fixed for its termination.

In *Fox* v. *Fox*, 250 Ill. 384, wherein a declaration of trust provided that the trustee should hold the title in trust for the heirs until such time as a sale could be made, the

opinion, after reciting certain facts with respect to the acts of the trustee, states: "It is clear from the terms of the trust as set out in the answer of the trustee that no definite time was set when the property should be sold and the trust terminated. * * * This sale was dependent upon the agreement of certain parties as to price and time. * * * The time when this trust should terminate * * * rests upon the uncertain condition of the agreement of the two parties as to the price. * * * If they cannot agree it is not reasonable to construe the trust to mean that it should continue indefinitely. * * * A trust will not be continued merely for the benefit of the trustee or in order that he may continue to receive compensation. When the purposes of the trust have been fulfilled and the trustee holds the property on a simple trust, the beneficiaries having the absolute equitable ownership of the fund are entitled to have the trust terminated. The same rule applies if it becomes impossible to carry out the trust.—2 Perry on Trusts, (2d ed.) sec. 920." It was held that under the circumstances disclosed the trust should be terminated and the property partitioned.

In *Ashton* v. *Macqueen*, 361 Ill. 132, certain bondholders, the complainants in a suit against a trustee and others for partition and an accounting, were the owners in fee simple of an undivided equitable interest as tenants in common of certain described land. There were recitations in the complaint with respect to the authority of the trustee and of his improper acts in administering the trust. The concluding allegations of the complaint were that the trust involved provided no definite time for the sale of the property and the termination of the trust, and that, in consequence, there had been no equitable conversion and that the bondholders should be decreed to be vested with undivided interests in the property and have the equitable title thereto; that the trust, if continued, would inure to the sole benefit of the trustee and should be terminated. We there recog-

nized the right of equitable owners to have partition where the title is in a trustee, if no definite time is fixed as to when the property shall be sold and the trust terminated.

Although in *Harris* v. *Ingleside Building Corp.* 370 Ill. 617, it was held that the facts did not warrant the granting of the relief sought in the complaint for partition, the general principle as above stated was again approved. Referring to certain cases therein mentioned the opinion states: "In most of the cases first mentioned, where partition was actually awarded, the pleadings disclose that the interested parties had an estate which was equitable in its nature at the time the suit was filed, but in the decree, itself, a finding was made that they were entitled to the property, and thus a legal estate was created by decree, and partition awarded in the same proceeding." We there held that there is nothing in the Partition act which bars partition of an equitable estate.

The object of partition is to enable those who own property in common to sever their interests so that each may take possession of, enjoy and control his separate estate at his own pleasure. (*Mechling* v. *Meyers,* 284 Ill. 484.) By statute, partition may be compelled by a tenant in common when the legislative provisions are pursued. Section 39 of the Partition act provides that in a suit for partition the court may investigate and determine all questions of conflicting or controverted titles and remove clouds therefrom, and invest titles by their decrees in the parties to whom the premises are allotted, and make other orders, not here necessary to mention. (Ill. Rev. Stat. 1937, chap. 106, par. 39, p. 2342.) A remedy by partition is open to equitable owners where the title is in a trustee and no definite time has been set for the sale of the property and the termination of the trust. *Ashton* v. *Macqueen, supra; Fox* v. *Fox, supra;* 20 R. C. L. p. 752.

Except as to certain financial adjustments incident to the management of the farm and concerning which there is

no controversy, the decree of the circuit court is final. The issues made involve a freehold. (*Fox* v. *Fox, supra;. Ashton* v. *Macqueen, supra.*) A direct appeal to this court was proper. Under the circumstances disclosed by the record the chancellor properly terminated the trust, vested the property in the heirs and awarded partition. The record discloses that certain moneys collected were in the hands of the trustee, and the court by its decree reserved the question of compensation and attorney's fees, and referred the matter to the master for a final accounting.

We are in accord with the finding of the court, and the decree is, therefore, affirmed.

*Decree affirmed.*