(No. 26630.—

ANNA BODDIKER et al. Appellees, vs. CHARLES L. Mc-PARTLIN, Successor Trustee, Appellant.

*Opinion filed May 13, 1942.*

Ross S. WELCH, for appellant.

HARRY A. BIOSSAT, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

This appeal presents for decision the correctness of a decree of the superior court of Cook county ordering partition of real estate in Chicago. A review of the pertinent facts is necessary.

January 26, 1929, Carl A. and Dora Carlson, owners of an improved parcel of real estate in Chicago, executed bonds having a par value of $45,000, and secured their payment by a trust deed in the nature of a mortgage. Article 16 empowered the trustee in the event of foreclosure, "if it shall deem it for the best interest of all the holders

of said bonds so to do, * * * in order that no advantage under such foreclosure may be taken by or accrue to any holders of such bonds over any other holders thereof," to demand, receive and hold in its own name the certificate issued pursuant to any foreclosure decree, and if the property be not redeemed, to bid for and purchase it at any sale, either for the full amount of the debt evidenced by the certificate, or for any lesser amount, and "hold in its own name, as trustee, the deed issued therefor, all for the equal *pro rata* benefit of the persons interested in said certificate." The trustee was authorized, further, in the event it should become the owner of the premises, to sell and convey the property for such price and upon such terms and to such persons as may seem for the best interest of all persons interested therein. Until such sale, article 16 provides the trustee shall be entitled to enter upon and take possession of and protect, use, operate and manage the property, pay taxes, make all necessary repairs, receive rents and other income, pay all proper costs, and, if any moneys remained in its hands after deduction of the charges, costs and expenses of the trust, to divide such funds ratably among those entitled thereto. Upon the resignation of the corporate trustee, Charles L. McPartlin was appointed successor trustee. Default was made in the payment of principal and interest and on April 21, 1937, the successor trustee instituted foreclosure proceedings in the circuit court of Cook county. July 23, 1937, a decree of foreclosure was entered and on August 16, 1937, the foreclosure sale took place. The trustee bid $55,000 on behalf of the bondholders, his bid was accepted and the sale approved on September 15, 1937. In due course, a certificate of sale issued to the successor trustee and, no redemption having been made, a master's deed was issued to the trustee on January 7, 1939. The trustee never issued certificates to the bondholders to replace their bonds which thus constitute the only evidence of the bondholders' interest in the

trust estate. Thereafter, the trustee filed a petition in the foreclosure action seeking permission, among other things, to mortgage the trust property. It appears that an insurance company had paid, by mistake, general taxes on the property to the extent of $5966.87; that the trustee and the company reached a settlement agreement by which the trustee was to pay the company one half of the sum paid by it on account of taxes; that, in addition, the trustee was obligated to pay the costs and fees incurred in the foreclosure proceedings, taxes and other expenses, and that, to pay the items described, the trustee had arranged to obtain a loan of $10,500. Accordingly, the trustee sought a finding that he had power (1) to negotiate and consummate the settlement with the insurance company and (2) to mortgage the trust property. Leave was granted to make the proposed settlement and to mortgage the trust property. Anna Boddiker and other bondholders who had opposed approval of the settlement prosecuted an appeal to the Appellate Court for the First District. In its opinion, the Appellate Court stated that the questions presented for its determination were (1) whether the trustee had the right to make the settlement, under the direction of a court of equity, with the insurance company and (2) whether he had the right to mortgage, under the direction of the court, the trust property in order to pay $3013.65 and other expenses of the foreclosure proceedings. The order of the circuit court was affirmed. (*McPartlin* v. *Carlson,* 303 Ill. App. 655.) We denied leave to appeal on June 17, 1940. Subsequently, on July 1, 1940, the plaintiffs, Anna Boddiker and Raymond E. Carlson, two of the bondholders, filed their complaint in the superior court of Cook county alleging that although legal title to the premises was in the trustee the equitable title was in the other bondholders and themselves. The relief asked was partition of the property, an accounting, and removal of the mortgage for $10,500 as a cloud on the title. The principal defendant, the trustee,

answered the complaint, denying plaintiffs' right to partition. The cause was referred to a master in chancery. At the master's hearing, the parties stipulated that defendant had rejected the single offer of sale received, namely, an offer of $14,000. It was further stipulated that the cause should be tried on the pure legal question made by the record; that no question was being urged as to any action taken by the trustee with respect to the offer of $14,000 or the circumstances why it was not forwarded or submitted to the bondholders, and that there was no controverted question of fact involved or any question of the trustee being derelict in his duties. The master found that the trustee had not had a reasonable time to liquidate the trust *res;* that it was not to the best interest of the trust to sell the property by partition, and, hence, plaintiffs were not entitled to partition. Plaintiffs' objections to the master's report were overruled and ordered to stand as exceptions. The chancellor sustained the exceptions, and rendered a finding that Anna Boddiker and Raymond Carlson owned equitable interests in the premises amounting to a 1/45th and a 1/90th interest, respectively, as tenants in common with the remaining bondholders who were entitled to an undivided 87/90th equitable interest in the property. The decree directed partition on the basis described and reserved jurisdiction of the cause with respect to further proceedings pertaining to the partition of the property, its sale, and an accounting by defendant trustee as to rents and income collected and disbursed on the property. From this decree, defendant prosecutes a direct appeal, a freehold being necessarily involved. *Rubin* v. *Bartel,* 371 Ill. 117; *Ashton* v. *Macqueen,* 361 id. 132.

The decisive question made by the pleadings and argued by the parties is whether plaintiffs are entitled to partition. They maintain that since the trust deed fixes no definite time for the sale of the property and the determination of the trust the remedy of partition is open to them as equitable

owners of the property. On the other hand, defendant insists that the property is subject to a valid trust by which a valid direction can be given, and that, consequently, the purpose of the trust will be defeated by partition. Defendant further contends that the trust in the case at bar is a special-purpose trust, express, complete and active, and has a general time limit on the date the trust will expire and within which distribution must occur. He argues, accordingly, that the trust requires no specific time limit, the trustee having a reasonable length of time to accomplish the purpose of the trust. As narrated, defendant, as successor trustee, bid in the property at the master's sale on behalf of those persons holding and owning bonds secured by the trust deed. He did so conformably to authority granted to him under article 16 of the indenture, and, upon acquiring title in 1939, held title subject to its provisions. Although the trust deed, as a security instrument, was merged in the decree of foreclosure, its covenants remained in force to the extent they represented a contract between the trustee and the beneficiaries. (*Chicago Title and Trust Co.* v. *Rogers Park Apartments Bldg. Corp.* 375 Ill. 599.) It follows that the powers of the trustee and the rights of the beneficiaries are fixed by the terms of the trust deed and could neither be enlarged nor diminished by the foreclosure decree. In short, the respective rights of the trustee and of the bondholders must be ascertained from the provisions of the trust deed. In particular, the right to partition depends upon the construction of article 16. Admittedly, article 16 creating the trust contains no definite time for the sale of the property and the termination of the trust. We regard it as definitely settled that the remedy by partition is open to the holder of an equitable estate as well as to the holder of a legal estate. Specifically, partition is permitted to equitable owners where the title to real property is in a trustee and where, as here, no definite time has been set for the sale of the property and the termina-

tion of the trust. (*Yedor* v. *Chicago City Bank and Trust Co.* 376 Ill. 121; *Hazlett* v. *Moore,* 372 id. 192; *Rubin* v. *Bartel, supra; Ashton* v. *Macqueen, supra; Fox* v. *Fox,* 250 Ill. 384.) Since article 16 of the trust deed fixes no definite time for the sale of the property and termination of the trust, the plaintiffs are entitled, as a matter of right, to partition of the property. The purpose of the trust created by article 16 has been consummated and its continuance cannot be said to be for the benefit of the bondholders. It is provided that the deed issued to the trustee is for the "equal *pro rata* benefit of the parties interested in said certificate," namely, the bondholders. Their interest was not subject to any absolute direction to the trustee to sell and distribute the proceeds to them, the trustee having been merely given the power to sell in the event that he becomes the owner of the premises pursuant to purchase in the foreclosure proceedings. Defendant concedes, in effect, that the trust contains no specific time limit but argues it contains a general time limit, namely, the "length of time required to protect beneficiaries from sacrifice of their security." The determination of what constitutes a sufficient length of time and what amounts to a sacrifice of their security cannot rest entirely with the trustee. Manifestly, the parties here did not intend the trust to continue until the trustee should himself decide that the property can be disposed of at a price which he deems adequate.

Defendant complains that tenants in possession and judgment creditors of the bondholders were not made parties defendant. Defendant's answer averred that there were numerous "persons" in possession of the premises, none of whom had been made parties to the suit. Neither the names of such persons nor their interests were set forth. The answer also averred that there were unpaid judgments against various legal holders and owners of unpaid bonds and that they were necessary parties to the action. Neither the bondholders nor the names of the judgment creditors, if any, were given. No point was made of the non-joinder

of "persons" in possession or judgment creditors at the hearing before the master. Indeed, the parties stipulated that the case was to be tried upon the "pure legal question raised by the record" and that there was no controverted question of fact involved. Under these circumstances, the master's report did not consider the question of non-joinder of necessary parties. The allegations of the complaint setting up the names of the persons described as having or claiming an interest in the property and charging that no other persons had any right, title or interest in the premises constituted an averment of facts. This positive averment of fact was not specifically denied by defendant in his answer. He met it, instead, by an indefinite denial to the effect that there were "persons" in possession and, further, that there were judgment creditors of various bondholders. Apart from defendant's failure to disclose the names of any tenants or parties in possession and the names of any judgment creditors of bondholders, section 26 of the Civil Practice act (Ill. Rev. Stat. 1941, chap. 110, par. 150, p. 2419) provides: "No action shall be defeated by nonjoinder or mis-joinder of parties. New parties may be added and parties mis-joined may be dropped by order of the court, at any stage of the cause, before or after judgment, as the ends of justice may require." Under this section, all interested parties could be joined as defendants subsequent to the finding that partition would lie and the entry of the decree of partition. Defendant has not been prejudiced by the nonjoinder of "persons" in possession and judgment creditors of bondholders. If it later develops that any other parties are interested in the premises plaintiffs can make them defendants pursuant to section 26 of the Civil Practice act. Moreover, where objection to nonjoinder is not made until the final stage of the proceeding it will receive little favor by the courts, and in such case, to be of avail, it must appear that the decree or order will have the effect of depriving the party omitted of some material rights without a hearing. (*Chicago, Burlington*

*and Quincy Railroad Co.* v. *Commerce Com.* 364 Ill. 213; *Gulick* v. *Hamilton,* 287 id. 367.) Omitted parties, if any, have not been deprived of any legal right.

Defendant contends further that the foreclosure court, (circuit court,) having retained jurisdiction of the trustee and the trust, had exclusive jurisdiction of the trust property and, consequently, that the superior court was without jurisdiction to entertain the partition action involving the same property. The decree of sale in the foreclosure action recites, in part: "The court hereby reserves and retains jurisdiction: * * * For the purpose of passing on all questions pertaining to the payment and satisfaction of the sums found due to the plaintiff, Charles L. McPartlin, as Successor in Trust, as aforesaid: For the administration of the property in the hands of the Receiver heretofore appointed in this cause, the settlement of his accounts, and the discharge of said Receiver; For the purpose of advising and instructing the plaintiff in respect to his powers and duties as Trustee under the said trust deed herein sought to be foreclosed, and to supervise and direct the said plaintiff in further administering the said estate; to pass on all questions concerning the sale or the mortgaging of the premises involved herein." As plaintiffs assert, the bondholders were not parties to the foreclosure proceeding as adversaries of the defendant, as trustee, he being their sole representative at the hearing of the foreclosure action. The rights of the bondholders are not dependent upon the decree but rest upon the terms of article 16 of the trust deed. (*Chicago Title and Trust Co.* v. *Rogers Park Apartments Bldg. Corp. supra.*) The reservation of jurisdiction in the decree of sale neither purports to be nor is a bar to the prosecution of the present action.

Finally, defendant urges that *McPartlin* v. *Carlson, supra,* is *res judicata* of the issues in the present cause. Defendant has recourse to the principle that where a question has been directly in issue and decided by a court of

competent jurisdiction, the issue cannot again be litigated in a future action between the parties in the same court or in any other court of concurrent jurisdiction upon the same or a different cause of action. (*Winkelman* v. *Winkelman,* 310 Ill. 568.) Again, where there is identity of parties, subject matter and cause of action, the doctrine of *res judicata* extends not only to every matter that was actually determined in the former suit, but to every other matter which might have been raised and determined in it. (*South Park Comrs.* v. *Ward & Co.* 248 Ill. 299.) On the other hand, where a party, as defendant here, is relying upon a former adjudication as a bar to the whole cause of action it must appear that the things sought to be recovered and the cause of action in both causes are the same and that the former judgment necessarily involved the determination of the same fact to prove or disprove which it is offered in evidence. (*Pillsbury* v. *Early,* 324 Ill. 562.) A prior judgment, it follows, is a bar only to such matters as might have been litigated or determined under the issues in the former action. In *McPartlin* v. *Carlson, supra,* the present defendant filed a petition in the foreclosure suit seeking permission to negotiate and consummate a settlement agreement with an insurance company and for authority to mortgage the trust property to satisfy an obligation to the insurance company and to meet expenses of the foreclosure suit. Anna Boddiker, one of the plaintiffs in the present cause, resisted the petition. No question of partition was involved in *McPartlin* v. *Carlson, supra,* and any comment by the Appellate Court in its opinion with respect to whether partition would or would not lie in the present case would be merely *dictum.* A court may not speak authoritatively upon questions not involved in the litigation. This restrictive principle is salutary, for expressions of opinion upon extraneous matters must necessarily lack binding force.

Defendant urges, however, that plaintiffs could have asked for partition of the trust property when they were

made parties defendant in *McPartlin* v. *Carlson, supra.* The Civil Practice act, it is said, is sufficiently comprehensive to have sanctioned a prayer for partition in the earlier cause. Section 44 (Ill. Rev. Stat. 1941, chap. 110, par. 168, p. 2422) provides that: "Subject to rules any plaintiff or plaintiffs may join any causes of action, whether legal or equitable or both, against any defendant or defendants; and subject to rules the defendant may set up in his answer any and all cross-demands whatever, whether in the nature of recoupment, set-off, cross bill in equity or otherwise, which shall be designated counterclaims." Even if it be conceded that plaintiffs should have filed a counterclaim for partition there was no imperative duty on their part so to do. Section 44 merely provides that a defendant "may" file a cross-demand with his answer. The word "may" is used in a permissive sense. In construing a statute, the word "may" means "must" or "shall" only where the public interest and rights are concerned, and where the public or third persons have a claim *de jure* that the power shall be exercised, or where it is necessary to so construe it to carry out the legislative intent. (*Hairgrove* v. *City of Jacksonville,* 366 Ill. 163; *Foutch* v. *Zempel,* 332 id. 192.) No imperative duty rested upon plaintiff Anna Boddiker to seek partition in the foreclosure proceedings at the time defendant petitioned the court to mortgage the premises to pay foreclosure expenses and to make a settlement with an insurance company. She could, as she did, reserve her right to file a complaint for partition at a later date. (*Litch* v. *Clinch,* 136 Ill. 410; *Chicago, Danville and Vincennes Railroad Co.* v. *Field,* 86 id. 270.) Since the right to partition was not presented or determined under the issues in the prior proceeding, *McPartlin* v. *Carlson, supra,* is not *res judicata* of the present cause of action.

The decree of the superior court is affirmed.

*Decree affirmed.*