MARY ALICE GALLAGHER, Appellee, vs. DROVERS TRUST AND SAVINGS BANK et al.—(ELI METCOFF, Appellant.)

*Opinion filed November 22, 1949.*

SHULMAN, SHULMAN & ABRAMS, (MEYER ABRAMS, of counsel,) both of Chicago, for appellant.

JAMES J. GAUGHAN, of Chicago, (BERNARD A. CUMMINS, and EDWARD L. HENDRICKS, of counsel,) for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Appellee, Mary Alice Gallagher, individually and as assignee of Alice V. Gallagher, filed her amended complaint in the superior court of Cook County alleging that in 1925, Vincent G. Gallagher, under whom she claims by devise and assignment, together with Frank A. Ostrander and Eli

Metcoff, executed a warranty deed and trust agreement whereby they conveyed certain realty to Cicero Trust and Savings Bank, as trustee. The trust agreement provided generally that the trustee shall have power to manage, lease, partition, and, after payment of specified charges and expenses, pay over the proceeds to the three above-named beneficiaries, one fourth to Gallagher, one half to Ostrander and one fourth to Metcoff.

The provisions on which the controversy here arises pertain to the character of title held by the trustee and the manner of disposal of the property and termination of the trust. It was also alleged the trust was invalid because of the absence of a termination date. The defendant, Drovers Trust and Savings Bank, successor to the Cicero Trust and Savings Bank, by its answer, joined in the prayer of the amended complaint. Defendant Eli Metcoff, by his answer, admitted all of the allegations of the amended complaint except that the trust agreement contained no provisions fixing a definite time for the sale of the property, which he denied, averring that the trustee was authorized to terminate the trust or sell the property when so directed by the beneficiaries. He filed a counterclaim, praying that the court find and decree the trust to be valid, ascertain whether there was or was not a present trustee, and order a sale of the property remaining in the trust under the direction of the court and in accordance with the terms of the trust agreement.

Plaintiff moved to strike this answer and counterclaim and Metcoff moved for a judgment on the pleadings and to dismiss the amended complaint of the plaintiff. The court sustained the motion of the plaintiff, overruled that of Metcoff and dismissed his counterclaim. Metcoff elected to stand on his counterclaim and the court dismissed same for want of equity. From this ruling the appeal was taken.

The record discloses the trust agreement provides the trustee is vested with good and merchantable title in the

said property, and that the trustee shall have full power and authority from time to time, and at any time, to contract or to sell on any terms consistent with the purpose and intent of the agreement. It provides that the trustee shall not, except as otherwise provided, execute any conveyance or assignment of any contract with reference to any of said real estate except upon the written order or approval of said Vincent G. Gallagher. It is further provided in the agreement that when approved by Gallagher the trustee may contract for sales of land and execute deeds therefor. Gallagher is irrevocably appointed attorney in fact for the other beneficiaries and, in the event of his death or other incapacity or refusal to act, Ostrander and Metcoff, in that order, are appointed to succeed as attorneys in fact with like powers as given Gallagher. It is further provided that in the event of Gallagher's death during the life of the trust no change in selling prices of lots in the subdivision shall be made except on approval of the majority of the beneficiaries. The interest of the beneficiaries is declared to be personal property and in the avails and proceeds of the trust, and the declared intention is stated to be to vest in the trustee the entire legal and equitable title in the land. And it is further provided that neither beneficiaries nor any of them shall have power to terminate the trust other than in accordance with its terms and provisions.

It is alleged in the complaint the trust has become inactive and tax delinquent and the property is in danger of dissipation and loss; that the trust agreement provides no fixed date for termination, nor any imperative duty on the trustee to sell. The complaint prays the court to declare the beneficiaries to be equitable owners of the trust property, and for partition and other relief. Defendant Metcoff in his answer admitted all the allegations of the complaint except that he denied the trust agreement contained no date for sale of the property and termination, and alleged the

trustee was authorized to terminate the trust or sell the property at any time when so directed by the beneficiaries. His counterclaim alleged that he is attorney in fact for the beneficiaries by reason of the deaths of Gallagher and Ostrander; that he is willing to direct the trustee to sell the property and distribute proceeds, praying the trust be held valid and that the court direct the sale of the property under the terms of the trust agreement and under the control of the court.

It is the contention of the appellant, Metcoff, that the trial court erred for the reason the lack of a termination date does not invalidate an active trust; that the trust is destructible and therefore did not require a definite time for sale of the property or for termination of the trust, and that the parties here agreed not to partition. It would seem the controlling question in this case is whether under the allegations of the complaint plaintiff is entitled to partition. It is the contention of Metcoff that an active trust is not invalid for lack of a definite date for termination. In support of this proposition he points out the various duties of management and control which are imposed on the trustee, the provisions of the trust agreement which purport to vest both legal and equitable title in the trustee, and urges that the issues of this case are squarely decided by the decision of *Smith* v. *Kelly,* 387 Ill. 213, where partition was denied.

We do not find that the *Smith case* is controlling here for the reason the committee was vested with the whole ownership of the property with an imperative duty and complete power to sell. In the instant case the trust agreement purports to vest the sole ownership in the trustee, but no imperative duty to sell is imposed on the trustee and no power of sale is given except on direction or approval of Gallagher or his successors. Further, in the *Smith case* the trust was formed by operation of law and therefore a reasonable time was given to carry it out. Here,

we have an express trust and by the terms of the agreement the trust may continue for an indefinite period or forever.

Appellant further contends that the trust here is destructible by direction or approval of beneficiaries through their attorney in fact and therefore no definite date for termination is required. In support of his position he cites the case of *Wechter* v. *Chicago Title and Trust Co.* 385 Ill. 111. In that case a trust was created terminable, at the latest, upon the expiration of a ninety-nine-year lease. Upon a contention there that the trust violated the rule against perpetuities the court found that the trust agreement vested legal title in the trustee and equitable title in the beneficiaries; that all interest being vested, the rule against perpetuities had no application and the trust was not void for that reason. The *Wechter case* differs from the instant case in that it provides a definite time for termination.

Appellee contends that no equitable conversion of beneficiaries' interest in their property occurred because the trust agreement imposes no imperative duty on the trustee to sell; and, further, the equitable title being in the beneficiaries, and no time for sale of the property or termination of the trust having been set by the agreement, the beneficiaries are entitled to partition. Appellee places great reliance on the case of *Harrison* v. *Kamp,* 395 Ill. 11. In that case Harrison purchased real property for bondholders on foreclosure and took a master's deed. Later the bondholders entered an agreement which provided that Harrison should control and manage the property and make distribution of the proceeds and, upon direction of seventy-five percent of the beneficiaries, sell the property. The agreement provided that the bondholders had no legal or equitable interest in the property and that their rights should be deemed personal property. In affirming a decree awarding partition, this court held that an equitable conversion

is not effected where a trust agreement attempts to create an equitable conversion but provides no definite time for the sale of the land and makes no specific provision for termination of the trust. That case seems fairly comparable with the instant case.

Appellee also cites *Hazlett* v. *Moore,* 372 Ill. 192. There all the heirs of a decedent conveyed realty to Moore, who executed a declaration of trust stating that he held the whole title in trust for all the heirs to manage and control and would sell as soon as a price satisfactory to the heirs could be obtained. On the question of partition this court there held there was no unconditional duty to sell imposed on the trustee and therefore no equitable conversion occurred. The equitable title being in the heirs, it was held they were entitled to partition for the reason no definite time was fixed for the sale of the property or for the termination of the trust. Other analogous cases cited by appellee are *Boddiker* v. *McPartlin,* 379 Ill. 567, *Rubin* v. *Bartel,* 371 Ill. 117, and *Fox* v. *Fox,* 250 Ill. 384.

Appellant, Metcoff, contends there was an equitable conversion because the trustee in the instant case was given power to sell and upon direction of Gallagher or his successors the duty became imperative. We find no merit in this contention for the reason this court has repeatedly held that to effect an equitable conversion, the duty and power to sell vested in the trustee must be unconditional and capable of being exercised at any and all times. (*Hazlett* v. *Moore,* 372 Ill. 192; *Fox* v. *Fox,* 250 Ill. 384.) The trust agreement here gives the trustee no power to sell whatever except on the direction or approval of Gallagher or his successors. This is neither imperative nor unconditional. Appellant contends that a definite time was fixed for the termination of the trust in this case by virtue of the power given to Gallagher and his successors to direct its termination, and cites the case of *Burbach* v. *Burbach,* 217 Ill. 547, in support of his position. In the *Burbach*

*case* a testator devised property to trustees to sell and divide the proceeds among beneficiaries. Obviously, the beneficiaries took the property in the character impressed upon it by the will. This was an equitable conversion and the beneficiaries had no interest in the land. In the case of *Hart* v. *Seymour,* 147 Ill. 598, cited by appellant, there was an equitable conversion and no question of partition was decided, the court there holding that where a trustee is empowered to sell without restriction as to time, there is no perpetuity. It is urged by appellant that the beneficiaries here expressly agreed not to partition the property and that they are bound thereby. He relies on the language of the trust agreement that the beneficiaries shall not be entitled to terminate the trust except under the terms of the agreement and cites *Thomas* v. *Farr,* 380 Ill. 429, *Bydalek* v. *Bydalek,* 396 Ill. 65, and *Stromsen* v. *Stromsen,* 397 Ill. 260. These cases are not analogous to the instant case, the only import being that where there is an agreement not to partition it will not be permitted. Appellee contends there was no such agreement, express or implied, in the trust agreement. An examination reveals no express agreement not to partition. The statement therein of an agreement not to terminate except under the terms of the trust agreement was obviously based upon an ineffective attempt to create an equitable conversion.

Appellee contends that being an equitable owner of an undivided portion of the property she is entitled to partition as a matter of right. (*Boddiker* v. *McPartlin,* 379 Ill. 567; *Yedor* v. *Chicago City Bank and Trust Co.* 376 Ill. 121; *Rubin* v. *Bartel,* 371 Ill. 117.) We have carefully examined the trust agreement and find no equitable conversion of the beneficiaries' interest for the reason there is no imperative and unconditional duty on the trustee to sell leaving equitable ownership remaining in the beneficiaries. There being no definite time fixed in the agreement for the sale of the property, or for the termination

of the trust, the beneficiaries are entitled to partition. *Harrison* v. *Kamp,* 395 Ill. 11; *Boddiker* v. *McPartlin,* 379 Ill. 567.

Appellee as one of the equitable owners is entitled to partition. The order of the trial court is therefore correct, and is affirmed.

*Order affirmed.*