Sarah Samuels, Appellant, v. Gertrude Meyerovitz et al., Appellees.

Gen. No. 36,339.

Opinion filed April 10, 1933.

FREDERICK W. WINKLER and ROBERT H. EBERLE, for appellant.

ARKIN, BERMAN & MARKS, GEORGE GILLETTE and C. G. KINNEY, for certain appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by complainant from an order entered after pleas of intervenors had been sustained dismissing the amended bill of complaint for want of equity.

Complainant is the owner of bonds Nos. 33 and 83 for the sums of $500 and $1,000 respectively, dated January 3, 1927, maturing by their terms January 3, 1934, and drawing interest at six per cent per annum. These bonds are a part of an issue of $100,000 of such bonds secured by a trust deed of the same date, exe-

cuted and delivered by Gertrude Meyerovitz and Max Meyerovitz, whereby they conveyed premises in Cook county, Illinois, to the Schiff Trust & Savings Bank, trustee.

Default having been made in the payment of interest and also in the payment of $2,500 of the principal on January 3, 1932, and these defaults continuing, complainant, pursuant to the terms and provisions of the trust deed, declared the whole indebtedness due and payable, and on January 25, 1932, made a written demand upon the Schiff Trust & Savings Bank as trustee that it foreclose the trust deed. However, prior thereto, on January 20, 1932, defendant Schiff Bank executed and recorded its resignation as such trustee, and thereupon complainant, upon the theory that there was a vacancy in the office of trustee and that section 1 of article 4 of the trust deed, which provides that an individual bondholder cannot maintain a suit to foreclose upon the refusal of the trustee after demand to do so, was therefore inoperative, filed her bill to foreclose for the benefit of herself and all other owners of the bonds which she had declared due.

The original trust deed by section 3 of article 8 provided:

"In case resignation of said Schiff Trust and Savings Bank, as Trustee, or its inability or failure to act, the Chicago Title and Trust Company, a corporation of the State of Illinois, is appointed and constituted successor in trust to said Trustee under this deed for the uses and purposes expressed herein and said successor in trust shall thenceforward be the party intended herein by the word 'Trustee' and upon said successor's acceptance of this trust all right and interest of said Trustee in said premises and in this deed shall vest in said successor in trust, who shall thereupon be vested with all the power, rights, estates and interest and charged with all the duties and obligations of said party of the second part under this deed."

The Chicago Title & Trust Co. was not made a defendant to the bill, and it was not alleged in the bill that any demand had been made upon it to bring foreclosure proceedings prior to the filing of the complaint. The original trustee filed its resignation on January 20, 1932, as already stated. Six days thereafter and one day after the filing of the bill, the Chicago Title & Trust Co. filed of record an acceptance of its appointment as successor trustee. It thereupon intervened in the suit and filed a plea, as did the Schiff Trust & Savings Bank, questioning the right of complainant to maintain a suit in behalf of all the bondholders. As already stated, these pleas were sustained and the bill dismissed.

The theory upon which the pleas were filed was that by reason of the provisions of section 3 of article 8, upon the resignation of the trustee, the successor in trust at once became the trustee, while complainant contends that this section of the trust deed is repugnant to and irreconcilable with section 3 of article 5 of the trust deed, and that said section 3 is therefore controlling. Said section 3 provides as follows:

"In case the Trustee hereunder shall resign, be removed, or be dissolved or otherwise become incapable of acting hereunder, a successor or successors may be appointed by the holder or holders of a majority in amount of the bonds then outstanding hereunder, by an instrument or concurrent instruments in writing duly signed by them and recorded in the Recorder's Office of the County or Counties wherein the mortgaged property is located; or in case said bondholder or holders shall not appoint a new trustee or trustees hereunder as aforesaid within thirty days after any such vacancy shall occur, then the holder or holders of any one or more of said bonds may apply to any Court in any county wherein said mortgaged property or any part thereof is located, having general chancery jurisdiction, for the appointment of a new trustee

hereunder, upon such notice to such person or persons as the Court may direct, or upon such notice as shall be in accordance with the statute or the rules of such Court."

Section 4 of the same article provides in substance that each successor trustee "appointed hereunder" shall execute and acknowledge and record an instrument accepting the appointment "hereunder" and shall thereupon become fully vested with the estate, etc.

However, complainant contends that section 3 of article 5 and section 3 of article 8 being entirely repugnant, section 3 of article 5 must prevail as the earlier clause of the instrument, and that for the same reason section 3 of article 8 must be rejected as being part of the instrument. Complainant cites well known authorities which sustain the rule that in case of repugnancy between two sections of the same instrument, the earlier must prevail. Bouvier's Law Dictionary, p. 1056; 41 Cyc. 451; 18 Corpus Juris, 268; 8 R. C. L., §§ 88, 1043, and *Nave v. Bailey,* 329 Ill. 235.

While the rule exists as these authorities show, it is resorted to by the courts with regret and usually in despair of finding a reasonable interpretation. As Professor Williston says, "It is obvious, however, that such a rule is extremely artificial, and can only be accepted as a last resort." Williston on Contracts, vol. 2, sec. 624, p. 1208. In *Harper v. Hochstim,* 278 Fed. 102, 20 A. L. R. 1232, the opinion expressing the reluctance of the court to resort to the application of this rule, said:

"It cannot be doubted that it is only when parts of a written agreement are so radically repugnant that 'there is no rational interpretation that will render them effective and accordant that any part must perish.' *Rushing v. Manhattan, etc., Co.,* 224 Fed. 74, 139 C. C. A. 520."

See also 13 Corpus Juris § 497, p. 535, where it is said: "In any event a subsequent clause may be re-

jected as repugnant only where it cannot be given effect by any fair or reasonable interpretation of the entire contract, the rejection of a repugnant clause being an expedient which the court will have recourse to very reluctantly.''

We cite the above authorities in this case, not unmindful of the facts which here appear or of authorities which complainant cites, holding that the provision of a trust deed that the trustee only can maintain a foreclosure suit may be said to a certain extent to create an exception to the general principles, and that it is a rule of convenience to facilitate the conduct of the suit which under proper circumstances must give way; (*Farmers Loan & Trust Co. v. Northern Pac. R. Co.,* 66 Fed. 169); that the right to maintain a suit is primitive and fundamental in its character (*Schultze v. Van Doren,* 64 N. J. Eq. 465; *Chicago & Vincennes R. Co. v. Fosdick,* 106 U. S. 47); that a trust deed may be foreclosed in a court of chancery even when the office of trustee is vacant (*Waughop v. Bartlett,* 165 Ill. 124; *Wheelwright v. St. Louis, N. O. & O. Canal Transp. Co.,* 56 Fed. 164; *Ettlinger v. Persian Rug & Carpet Co.,* 142 N. Y. 189).

The decisions in these cases are all based upon the fundamental principle with which this court agrees, that the trustee is created for the benefit of the bondholders, that his office exists for their benefit, and that his powers must be exercised in their interest. The duties of such trustee, however, are toward all the bondholders and not part of them. There is a clear distinction between the duties of a trustee where the creditors are numerous and his duties where there is but a single creditor. Where the creditors are only a few in number the courts of this State have held that they are necessary parties to the proceeding, but where they are many, for the convenience of all and in the interest of all, the trustee assumes and undertakes the active duty of representing and protecting all.

It is important, therefore, to ascertain here from the document, if possible, the intention of the parties to it. A careful examination of the whole trust deed has led us to the conclusion that these clauses are not, as complainant contends, irreconcilable and repugnant. In the first place, an examination of these two sections discloses a fundamental difference in the words used for the purpose of designating the succession. In article 8 the words used indicate a present appointment to a future position upon the happening of a contingency. The verb used indicates a present power and authority. The tense of the verb is present. The language is: "The Chicago Title and Trust Company, a corporation of the State of Illinois, *is appointed and constituted,*" etc. The mood of the verb is indicative, while in article 5 the tense is future and the mood subjunctive. There is also a clear distinction between these two articles, in that in article 8 the appointment is made by the parties to the instrument or writing, while in article 5 the appointment is to be made by the indefinite persons who may in the future be holders of the bonds or in default of these for thirty days, then by some court. Article 5 therefore comes into the picture only in case the Schiff Trust & Savings Bank and the Chicago Title & Trust Co. have both been disqualified. Its provisions look only to a future contingency, while article 8 clearly indicates a present appointment. The sections are therefore not repugnant. They both refer, it is true, to the appointment of a trustee, but section 3 of article 5 becomes operative only upon the failure of those named in article 8 to function. The two sections are not contradictory. They are complementary, and by this construction we are able to give effect to the whole instrument and harmonize it upon the theory that each article expresses an intention of the parties rather than upon the assumption, which would seem improbable, that

the parties inserted a whole section by which they meant nothing at all. This construction appears to be consistent with the language of the whole instrument and also with the purpose for which it was brought into existence.

It is argued that the Chicago Title & Trust Co. recognized that the provisions of article 5 were applicable to it by filing its acceptance of record as provided for in that article. The mere filing of a document, however, cannot change the construction of these sections which is compelled by a consideration of the words used and the language of the whole instrument.

We hold that upon the resignation of the Schiff Trust & Savings Bank as trustee, the Chicago Title & Trust Co., by the provisions of the trust deed, became the successor trustee, and that under the terms and provisions of that deed it was the proper party to bring foreclosure proceedings in behalf of all the bondholders in case such proceedings were for their interest.

The decree is therefore affirmed.

*Affirmed.*

McSurely, P. J., and O'Connor, J., concur.