Chicago Trust Company, Trustee v. Dorchester Terrace Building Corporation et al. Marie Moss, Appellant, v. Trust Company of Chicago, Successor Trustee, et al., Respondents. Trust Company of Chicago, Successor Trustee, Appellee.

Gen. No. 42,192.

Opinion filed December 30, 1942. Rehearing denied January 20, 1943.

FREDERICK J. BERTRAM, of Chicago, for appellant.

PRITZKER & PRITZKER, of Chicago, for appellee; STANFORD CLINTON, of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

This is an appeal by Marie Moss, a bondholder, in a foreclosure proceeding, from a final order dismissing her petition upon motion of The Trust Company of Chicago, as successor trustee.

The verified petition, filed on November 28, 1941, is as follows:

"Your petitioner, Marie Moss, respectfully represents unto the court, as follows:

"1. That she is the holder and owner of bonds of Dorchester Terrace Building Corporation, a corporation, secured by trust deed from said Dorchester Terrace Building Corporation, a corporation, to Chicago Trust Company, a corporation, as trustee, bearing date March 1, 1926, payable to the order of bearer or the registered owner thereof, and foreclosed upon herein, her said bonds being in amounts and numbered as follows:

Bond No. 56 for $ 500.00
Bond No. 110 for 500.00
Bond No. 111 for 500.00
Total $1500.00

"2. That a sale was held of the premises involved herein, pursuant to a decree of foreclosure entered herein on October 6, 1931, and that said sale was so held on September 17, 1940; that said sale was thereafter duly approved and confirmed by an order of this court entered in this cause; that the proceeds of said sale were insufficient to fully pay the court costs and prior lien of the trustee herein for its fees, costs, solicitor's fees and expenses, as allowed in said decree of foreclosure, and that nothing was paid from the proceeds of said sale to the bondholders herein or to ap-

ply on account of any of the said bonds; that the fifteen month period of redemption from said Master's sale expires on December 17, 1941.

"3.   That subsequently, on December 14, 1940, a deficiency decree and judgment was entered in the above entitled cause against Dorchester Terrace Building Corporation, a corporation, in favor of The Trust Company of Chicago, as successor trustee, for the amount of $223,375.13, together with interest thereon at the rate of five per cent per annum from September 17, 1940, for the use and benefit of the bondholders herein, according to their respective interests therein.

"4.   That there is due and unpaid upon said bonds Nos. 56, 110 and 111 owned by your petitioner, for accrued interest pursuant to the decree of foreclosure in the above entitled cause, for the period from September 1, 1930 to September 17, 1940, the sum of $782.16, making the aggregate sum due your petitioner upon said bonds for principal and interest pursuant to said decree of foreclosure the sum of $2282.16 as of September 17, 1940, and that your petitioner is entitled to receive interest upon the said sum of $2282.16, part of said deficiency decree and judgment at the rate of five per cent per annum from and after September 17, 1940, pursuant to said decree.

"Your petitioner therefore shows unto the court that, as owner and holder of said bonds Nos. 56, 110 and 111, she is part owner of said deficiency decree and judgment to the extent of the sum of $2282.16 plus interest thereon at the rate of five per cent per annum from September 17, 1940, the same amounting to 1.0216-plus per cent ($0.010216 + per dollar) part of said judgment.

"WHEREFORE, your petitioner prays that an order and decree may be entered herein that your petitioner is a part owner of said deficiency decree and judgment to the extent of $2282.16 plus interest thereon at the rate of five per cent per annum from September 17, 1940, the same amounting to 1.0216-plus per cent

($0.010216 + per dollar) part of said judgment; and that by virtue thereof your petitioner is entitled to have and recover of and from the said Dorchester Terrace Building Corporation, a corporation, the said sum of $2282.16 with interest thereon at the rate of five per cent per annum from September 17, 1940, with like effect as upon a judgment at law,. and further prays that she may have execution herein against said Dorchester Terrace Building Corporation, a corporation, for the said sum of $2282.16 with interest thereon at the rate of five per cent per annum from September 17, 1940, and that the same may be issued by the Clerk of the Court herein; that the Trust Company of Chicago, as successor trustee, execute an assignment to your petitioner of such part of such judgment; and that your petitioner may have such other and further relief in the premises as equity may require and to the court shall seem meet.''

The verified motion of The Trust Company of Chicago, as trustee, to dismiss the petition is as follows:

''The Trust Company of Chicago, a corporation, as Trustee, respectfully moves that the petition of Marie Moss for an order requiring it to assign to her a portion of the deficiency decree entered herein be dismissed as being substantially insufficient in law, and in support of said motion, says:

''(1) No provisions of the bond, the trust deed or decree are set forth in the petition which would authorize this respondent to make such an assignment or would entitle the petitioner thereto.

''(2) It appears from said petition that such an assignment would be in conflict and inconsistent with the duty of this respondent as a fiduciary for all the bondholders.

''(3) It does not appear from said petition that this respondent has in any way failed or neglected to take every step necessary or reasonable for the enforcement of said deficiency decree.

"(4) It appears from said petition that the petitioner has been guilty of laches in requesting such an assignment and is now estopped from petitioning the Court for such relief.

"(5) It appears from said petition that this respondent has no legal authority or power to make such an assignment inasmuch as it appears from said petition that such an assignment would constitute a preference or a discrimination in favor of one bondholder as against all the other bondholders for whose benefit this respondent is acting.

"WHEREFORE, the Trust Company of Chicago, a corporation, as Trustee, respectfully moves that the petition of Marie Moss be dismissed."

The Bondholders' Protective Committee filed an answer to the petition and the petitioner, appellant, filed a reply to that answer.

Appellant, in her brief, has seen fit to refer to allegations in the Bondholders' Protective Committee's answer to her petition and to allegations contained in her reply to the same. The sole question before us is the sufficiency of her petition.

Appellant states her theory of the case as follows:

"Petitioner was the owner and holder of original bonds which were represented and included in a deficiency decree rendered in this cause. The foreclosure sale produced no dividend for any of the bondholders, the amount realized being insufficient to pay trustee's fees and solicitor's fees. The trustee and the so-called Bondholders' Protective Committee admittedly had no intention or plans either to make redemption from the foreclosure sale or to take any steps to make collection upon the deficiency decree in the sum of $223,375.15.

"Before the expiration of the period of redemption from the foreclosure sale of the real estate securing said bonds, the petitioner filed her petition.

"Petitioner, in her petition, showed that she was the beneficial owner of a 1.0216 + per cent interest in the deficiency decree, which interest amounted to the sum of $2282.16. Petitioner asked that the court make a finding that she was a part owner of the deficiency decree to the extent of this amount and that the court direct the respondent trustee to execute an assignment to her of her proportionate part of the deficiency judgment, and that she might have an execution issued in the case by the clerk of the court, *so that she might be qualified and entitled under the law to make redemption in her own behalf and with her own funds from the foreclosure sale of the property in question* (which had been sold for the meager sum of $2450.00); and that she might be enabled to pursue her own remedies for the collection of her part of the indebtedness represented in the deficiency decree.

"It is the theory of the plaintiff that she was entitled to the relief prayed in her petition, and that her petition was sufficient in law and in equity to entitle her to the relief, or some part of it, as prayed in her petition." (Italics ours.)

Appellee states that the petition does not state a cause for equitable relief for the following reasons:

"I.

"A. Petitioner did not offer to do equity, but desired to obtain a selfish advantage which would not be shared in by the owners of 98+% of the bonds.

"Bondholders are cestuis and are in a fiduciary relation to each other, and one may not obtain for himself a special advantage.

"B. Before petitioner may obtain relief, she must show that she has a legal right to the relief prayed.

"C. Even after foreclosure, the trust deed remains in force as a contract between the trustee and the bondholders, by which they are bound. There is no provision in the trust deed under which petitioner might claim the relief prayed.

"D. Petitioner has failed to show that the trustee has neglected to take every step necessary or reasonable for the enforcement of the deficiency decree.

"E. The trustee may not give petitioner an assignment of part of the deficiency decree judgment, because the trustee is under a duty to deal impartially with all bondholders, and may not use its office to enable one bondholder to obtain a special advantage.

"F. The trustee may not perform any act beyond the scope of the powers granted it in the trust deed. There is no provision in the trust deed empowering the trustee to execute an assignment of part of the deficiency decree judgment.

"G. Petitioner says that she could have obtained a judgment at law on her bonds before the entry of the deficiency decree. A court of equity will not lend its aid to a party who had a remedy at law, but neglected to pursue it.

"II.

"A judgment cannot be divided and enforced piecemeal. A separate execution cannot be issued for a part of a judgment.

"The legal title to a deficiency decree judgment is in the trustee who is the only one who can collect and satisfy it.

"III.

"The court did not retain jurisdiction to consider the splitting of the judgment."

Appellant states that "there is no decision in this State which is decisive of the question presented in the case," but argues that "where a new case arises out of the ordinary beaten track of equity, equity will not hesitate to give the proper specific relief merely because there is no precedent established." Appellant further states that "the nearest case that we have been able to find to the general situation presented by the case at bar is the case of *Nudelman v. Carlson,* 375 Ill. 577"; that "the Supreme Court there inferred that

the foreclosure court had power to enter an order of court severing the bondholders' fractional part of the deficiency decree from the remainder held by the trustee and that such order of severance would support a redemption by the bondholder." The question before us was not involved in the *Nudelman* case, which involved a contest between judgment creditors of Floyd W. Sullivan, the judgment debtor, regarding redemption rights. To quote from the opinion of the Supreme Court (pp. 578, 579, 580, 581):

"April 8, 1930, Floyd W. Sullivan was the owner of certain real estate located in Chicago. On that date, he executed instruments creating three mortgage or trust deed liens to secure the payment of certain indebtedness. The priority of the liens was established as first, second and third. May 10, 1930, Sullivan conveyed the premises subject to the mortgage liens to Georgia W. Bibb and has never reacquired the title. In 1932, the third mortgage lien was extinguished by a foreclosure of the second mortgage. Appellant's assignor owned the third mortgage and was made a party to the foreclosure of the second. He filed an answer and set up his mortgage indebtedness. The decree of foreclosure fixed the amount due on the third mortgage and directed that any surplus remaining after the payment of the second mortgage should be paid on the third. Nothing was received on the third mortgage and no deficiency judgment was taken in the foreclosure proceeding.

"September 9, 1936, a decree of foreclosure was entered foreclosing the first trust deed and directing a sale of the premises. October 26, 1937, the property sold for $28,000 and a deficiency judgment of more than $90,000 was entered against Floyd W. Sullivan. The deficiency judgment was entered in the name of a trustee for the benefit of all the holders of the bonds secured by the trust deed. Appellees Joseph Z. Willner and Harry A. Biossat, acting through appellee

Ray E. Carlson, acquired certain interests and became beneficially interested in the deficiency judgment. They obtained an order of court severing their fractional part of the deficiency judgment from the remainder held by the trustee. This was followed by an attempted assignment by the trustee to appellees of the part of the judgment so set off to them. There being some irregularity in the assignment, appellees obtained a note from Floyd W. Sullivan for the amount of their judgment. They gave him to understand that they expected to put the note in judgment and use it for redemption from the foreclosure sale. They agreed they would not undertake to collect on the deficiency decree. October 25, 1938, the note was placed in judgment in the superior court of Cook county and the amount thereof was the same as appellees' deficiency judgment, with interest. After the expiration of the twelve-months' redemption period from the foreclosure sale, appellees effected a redemption from the sale, *using the superior court judgment as a basis*. A deed was issued to appellee Carlson, but it is conceded that appellees Willner and Biossat are the real parties in interest.

"December 12, 1938, appellant, as assignee of the holder of the indebtedness secured by the third mortgage, obtained a judgment in the municipal court of Chicago and caused an execution to be issued thereon. She first attempted to cause a levy to be made on the premises and to effect a redemption from the mortgage foreclosure sale, thereby ignoring the redemption which had previously been made by appellees and the sheriff's deed which they had received and which was then a matter of record. Later, appellant filed the instant suit seeking to vacate the redemption made by appellees and to set aside the sheriff's deed as being void. After the taking of evidence the court dismissed appellant's complaint for want of equity. This appeal is from that decree.

"*The question presented is as to the validity of appellees' redemption. Appellant contends that since the judgment upon which appellees redeemed was for part of the same indebtedness evidenced by the deficiency judgment, appellees are, in effect, deficiency judgment creditors, and that, under the law, a deficiency judgment creditor can not redeem from his own foreclosure sale where the judgment debtor is out of title of the premises which is the subject of redemption.* Appellees' contention is that a deficiency judgment creditor is a judgment creditor within the meaning of section 20 of the Judgments act (Ill. Rev. Stat. 1939, chap. 77, par. 20) and has a right of redemption the same as any other judgment creditor and that such right exists even though the judgment debtor is out of title. Appellees say that if it should be determined their redemption was invalid, then appellant has no right of redemption, for her judgment is the unpaid balance of the third mortgage lien and that appellant's judgment is the same as that of a deficiency judgment creditor, and that if appellees have no right of redemption where the judgment debtor is out of title, then appellant has no right of redemption for the same reason." (Italics ours.)

The Supreme Court held that the creditor who redeemed (Carlson) was a judgment creditor *on the basis of his note* and had a right to redeem, even though the judgment debtor had disposed of his title before the judgment was rendered. The redemption by Carlson was not made under the fractional deficiency decree and the court was not called upon to determine the propriety of the order of the trial court severing Carlson's fractional part of the deficiency judgment from the remainder held by the trustee.

In our judgment appellee has assigned sound reasons why the petition does not state a case for equitable relief. Appellant, whose interest in the deficiency judgment is 1.0216 per cent, does not seek to

redeem for the benefit of all of the bondholders but desires to redeem solely for her own benefit. She makes no claim that prior to the time that she filed her petition she made any demand on the trustee that it effect a redemption, nor does she ask in her petition that the court direct the trustee to use the funds in its possession to redeem for the benefit of all of the bondholders. Nineteen days before the expiration of the period of redemption she appears in court and asks for an assignment of a share of the deficiency judgment and for a judgment in her favor and that execution issue upon that judgment, so that she may redeem "with her own funds from the foreclosure sale of the property." As appellee argues: "Had petitioner desired to obtain benefits for *all of the bondholders* instead of for herself *alone,* she would have suggested to the trustee a course of action for it to pursue. If the trustee refused, she should have filed a petition advising the court that certain things could be done to enforce the deficiency decree either by way of collection or redemption for the benefit of *all* the bondholders, and should have asked for the entry of an order directing the trustee to take the necessary steps for the benefit of all the bondholders. That, we repeat, would not and does not suit the purpose of the petitioner, whose only interest in this suit is to obtain a selfish advantage for her own benefit and not for the benefit of *all* the bondholders." If appellant is entitled to the relief she asks in her petition, then each of the other bondholders is entitled to like relief, and if such a procedure were followed a new and intolerable situation would be presented in foreclosure proceedings like the instant one. The legal title to a deficiency decree judgment is in the trustee, who is the only one who can collect and satisfy it (*Chicago Trust Co. v. Rogers Park Apts.,* 375 Ill. 599, 610), and if the instant trustee was not performing its full duty in the premises, appellant, by an apt peti-

tion, could call that fact to the attention of the trial court and thereby obtain relief for the benefit of all of the bondholders.

The trial court, in our opinion, properly dismissed appellant's petition, and the judgment order of the Superior court of Cook county entered on December 8, 1941, is affirmed.

*Judgment order entered December 8, 1941, affirmed.*
Sullivan, P. J., and Friend, J., concur.