**Appellate Department, Superior Court, San Diego**

[Civ. A. No. 143331.   Jan. 8, 1948.]

ALBERT GILL, Appellant, v. MAY WOLF, Respondent.

Henry C. Gardiner for Appellant.

Ward & Ward and Frank Pomeranz for Respondent.

BURCH, J.—Appellant, Albert Gill, asserts the right to judgment on a duly exemplified copy of a judgment entered in his favor by the Circuit Court of Cook County, Illinois, of date December 6, 1944.

The action there was one by a trustee to foreclose a trust deed which resulted in a deficiency judgment, after confirmation of sale by a master, against defendant Wolf and others on April 29, 1940, "for and on behalf" of the bondholders. A return of execution unsatisfied and defendant shown not found was also evidenced by a duly exemplified copy. It is in evidence that defendant had moved to California at least as early as the forepart of 1942.

Defendant concedes the validity of the "decretal" order of April 29, 1940. We think this concession is fatal to her claim here that the December 6, 1944, order (1) was void for want of jurisdiction over her person and (2) that the court there lost jurisdiction over the subject matter with entry of the April 29, 1940, judgment.

By the challenged order the court recites that it had "full jurisdiction" and found that "Albert Gill is the owner of and entitled to a share of, the total deficiency judgment found by this court to be owing by the defendants to Albert C. Roos, Trustee, for the benefit of certain bondholders under the decretal order of April 29, 1940; . . ." Judgment is ordered thereon with interest to November 17, 1944, in the sum of $1,733.42.

All issues between the defendant and the bondholders as far as concerned their respective rights and obligations, under the bonds and the deed of trust which secured them, became res judicata by the order of April 29, 1940. The judgment supplanted the chose in action and merged the security provisions of the trust deed. That judgment is property, and part of the trust res in an active and express trust. Defendant Wolf, now a judgment debtor, obligated to satisfy the judgment, has no other or different interest in the trust, and had

become a stranger thereto. (*Boddiker* v. *McPartlin,* 379 Ill. 567 [41 N.E.2d 756] ; *Chicago Title & Trust Co.* v. *Rogers Park Apartments Building Corp.,* 375 Ill. 599 [32 N.E.2d 137].) The deficiency cut off what equity she might have had in a possible surplus of the proceeds of sale above obligations. (*Brown* v. *Campbell,* 100 Cal. 635 [35 P. 433, 38 Am.St.Rep. 314].) The period of three months after master's sale in which she might have redeemed was past. (Ill. Rev.Stats. (1939 ed.), ch. 77, § 18.) In lieu of satisfying the judgment she made herself execution proof and removed from the jurisdiction.

█ On the other hand, the trust deed remained in full force and effect as relates to the legal relations of the trustee and the bondholders. (*Chicago Title & Trust Co.* v. *Rogers Park Apartments Building Corp., supra; Boddiker* v. *McPartlin, supra.*) The court had inherent authority to control execution and make its judgment effective (Freeman, Executions (3d ed.), § 10), and its judgment was rendered for and on behalf of the bondholders. By the law of Illinois new parties (if Albert Gill may be deemed a new party) may be added, by order of the court, at any state of the cause, before or after judgment, as the ends of justice may require (Rev. Stats., ch. 110, § 150, subd. 26), and an execution may issue within seven years. (Rev. Stats. (1939 ed.), ch. 77, § 6.)

The trustee was created for the benefit of the bondholders, his office existed for their benefit, and his powers could be exercised only for their interest. (*Samuels* v. *Meyerovitz,* 270 Ill.App. 210.) He was entitled to exercise dominion over the judgment because it was nominally in his favor, and also because it was property in the trust *res.* He was not, however, called upon to follow the defendant to California to collect payment thereon. In that situation he, still acting as trustee, collaborated with plaintiff, a real party in interest. He petitioned the court and was granted a common law judgment with power of execution in plaintiff's own name. The trustee's dominion over the judgment gave him that power. (Freeman, Executions (3d ed.), § 21.) █ Since defendant was not a necessary party no legal notice was required. (*San Diego Savings Bank* v. *Goodsell,* 137 Cal. 420 [70 P. 299].) The situation is in clear contrast with the adversary proceeding reported in *Chicago Trust Co.* v. *Dorchester Terrace Bldg. Corp.,* 317 Ill.App. 293 [45 N.E.2d 1001], to force the trustee against its will to assign to plaintiff bondholder a share of the deficiency. █ In our case it is the rea-

sonable presumption that the trustee was acting in the interest of the trust (Code Civ. Proc., § 1963, subd. 15). There is no evidence to the contrary, and this is implicit in his petition, offering to credit payments on the deficiency.

But even if the Illinois court, being of general jurisdiction, erred, that would not affect its power. Here we are concerned with power and not the regularity of its exercise. "And in states bound together by a constitution and subject to the Fourteenth Amendment, great care should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact" (*McDonald* v. *Mabee,* 243 U.S. 90 [37 St.Ct. 343, 61 L.Ed. 608]).

"It is a strong thing for another tribunal to say the local court did not know its own business under its own laws. Even if no statute or decision of the supreme court of the state is produced, the probability is that the local procedure follows the traditions of the place. . . . A decree in equity against a defendant who had left the state after service upon him and had taken all his property with him, would be entitled to full faith and credit where he was found" (*Michigan Trust Co.* v. *Ferry,* 228 U.S. 346 [33 S.Ct. 550, 57 L.Ed. 867]).

We think judgment should be for plaintiff for $1,733.42, with interest from December 6, 1944, at the rate of 5 per cent as provided by the statute law of Illinois (Rev. Stats. (1941 ed.), ch. 74, § 3; *Hargett* v. *Gulf Ins. Co.,* 12 Cal.App.2d 449 [55 P.2d 1258]; Code Civ. Proc., § 1913).

Reversed and remanded with directions to enter judgment accordingly.

Turrentine, P. J., and Thompson, J., concurred.