In the Matter of the Estate of Saul Joseph, Deceased. Donald Earl Joseph, Respondent-Appellant, v. Dolly Joseph, as Administrator, Petitioner-Appellee, Exchange National Bank of Chicago, et al., Respondents-Appellees.

Gen. No. 48,138.

First District, Third Division.

March 1, 1961.

Benedek & Benedek, of Chicago (Norman Crawford, of counsel) for appellant.

Vogel & Shanks, of Chicago (Raymond F. Vogel, of counsel) for appellees.

· MR. JUSTICE DEMPSEY delivered the opinion of the court.

Dolly Joseph, the administrator of the estate of her husband, Saul Joseph, brought a citation proceeding in the Probate Court against her stepson, Donald Joseph. One of the purposes of the citation was to determine the right to a $3,000.00 savings account at the Exchange National Bank of Chicago, which was in the name of Saul Joseph, trustee. The respondent answered that the money was being held for him in trust by his father, the decedent. An assistant to the Judge of the Probate Court ruled that the deposit form at the bank was a mere tentative trust and did not comply with the Statute on Wills. He held that the money was the sole property of the father and ordered it delivered to the administrator. The appeal was taken directly to this court under section 329 of the Probate Act. Ill. Rev. Stat., ch. 3, para. 483 (1959).

The account was opened at the Exchange bank on September 26, 1958. The deposit agreement stated:

> "All deposits in this account are made for the benefit of *Donald Joseph* 2947 N. Fairfield
> Name of Beneficiary Residence
>
> To whom or to whose legal representative said deposits or any part thereof, together with the interest thereon, may be paid in the event of the death of the undersigned Trustee.
> Mail Yes ☐ No ☐
> /s/ *Saul Joseph*
> Trustee
>
> /s/ *Donald Joseph*"

There must be hundreds of individual trust accounts in Chicago banks which have used this or similar forms. Countless depositors, who have the right to make withdrawals at will and to close out their ac-

493

counts, have designated themselves as trustees in the belief that the beneficiary named by them will receive whatever balance remains in their accounts at their deaths. That so few cases involving these accounts have reached our reviewing courts is surprising and is evidence of their general acceptance. However, precedent and the facts of the instant case make it unnecessary for us to consider the many problems involved in these accounts—problems that are more difficult than their widespread usage would suggest and which have caused the courts of other states to arrive at varied results.

Donald Joseph, who was called by the petitioner, was one of three witnesses at the hearing. He testified he and his father had an account at the Aetna State Bank in Chicago from January 1950 to September 1958, in which both were depositors. He said the account was opened with $900.00, which belonged to him, and that over the years he had put in an additional $4,-500.00 of his own money but had received none in return. The account was closed on September 26, 1958, at the suggestion of the father (who died on October 24, 1958) because of the higher interest available at the Exchange bank. The balance was then $4,616.56; of this $1,616.56 was redeposited at once at the Aetna bank and $3,000.00 was deposited in the new account at the Exchange bank. The petitioner, who married the decedent in 1954 and who was his fourth wife, testified that she didn't know much about her husband's business but knew of the Aetna account. Her husband informed her of the $3,000.00 withdrawal but did not tell her it was redeposited; he told her he bought bonds with it. She corroborated the respondent in this important respect: "I never went to the bank with him [the decedent]. He showed me the interest he got.—That was his boy's and his money." The respondent was also corroborated by Harold S.

494

Novak, an assistant trust officer at the Exchange bank, who said that before opening the account, the decedent talked to him about the trust and inquired about the interest rate.

The bank records also supported the respondent. They showed the Aetna account was closed and the funds redeposited as he said. The validity of a trust is to be determined as of the time of its creation. If the money in the Aetna bank was in a trust then that portion of it transferred to the Exchange bank would also be subject to trust, irrespective of the form of the deposit at the latter bank. The trust res, if capable of identification, may be followed by the beneficiary into any and all the forms it may assume. Winger v. Chicago City Bank & Trust Co., 394 Ill. 94, 67 N.E.2d 265; Coddington v. Bevan, 315 Ill. 92, 145 N.E. 801; Moore v. Taylor, 251 Ill. 468, 96 N.E. 229. Therefore, we must first look at the deposit arrangement at the Aetna bank, which was the source of the $3,000.00 fund. This was in the following form:

"Joseph, Donald By Single Trustee Acct.
Joseph, Saul No. 126548
 trustee

AETNA STATE BANK
Declaration of Trust

Dated 1–16–50

Saul Joseph...................., herein called the 'Trustee' hereby makes known and declares that . . . he holds all moneys now and hereafter deposited in Account No..........,

in AETNA STATE BANK, in trust for Donald Joseph herein called the 'beneficiary,' whose address is 2947 No. Fairfield; in......; Birth date 9/23/1926; Father's name is Saul; Mother's name

495

is Grace; and is a son of Trustee. (Relationship to beneficiary) During the lifetime of the Trustee all moneys now and hereafter deposited in said account shall be paid to or upon the order of the Trustee and, upon the death of the Trustee, all moneys deposited in said account shall be payable to or upon the order of the beneficiary, or to his legal representative. The said Bank shall not be responsible for, or required to see to the proper application of funds withdrawn from said account. The Trustee represents that there is existing no agreement in respect to the said account, except as herein set forth.

The signature of the undersigned hereto shall be the authorized signature which the said bank shall recognize in connection with the payment of funds or the transaction of other business on this account. The undersigned agrees to the Rules and Regulations of the Savings Department of this Bank.

Saul Joseph, Trustee

Trustee's
Father's name, Joseph Trustee's
 Mother's Name, Cherian
Mailing
Address 2947 N. Fairfield Ave.

Date Account Opened, 1/12/50
Amount of First Deposit, 900
New Business Credit to
Accepted by E"

It so happens that this identical form, used by the same bank in 1944, was before this court in Albert v. Albert, 334 Ill. App. 440 (1948), 80 N.E.2d 69, app. denied, 336 Ill. App. XV. In the Albert case, the trust fund deposited in the Aetna bank by one of two trustees, pursuant to this form, was withdrawn by them

and invested in United States bonds. It was contended by the settlor-trustee that the declaration of trust was void because it did not contain all the elements necessary to a voluntary trust and that, therefore, he was entitled to the bonds. The Appellate Court concluded that an irrevocable trust was created and that the contention of the trustee could not be sustained. The court quoted at length from Fox v. Fox, 250 Ill. 384, 95 N.E. 498, and McDiarmid v. McDiarmid, 368 Ill. 638, 15 N.E.2d 493, to the effect that when a writing makes clear the existence of a trust no particular form of words is necessary to create it, and that details and terms of the incomplete trust may be supplied by parol evidence. It also quoted from and approved the opinion in Helfrich's Estate v. Commissioner of Int. Rev., 143 F.2d 43, which held that a trust agreement of another Chicago bank, in almost the same form as that of the Albert case, created a valid trust.

The testimony and the exhibits in the present case supplied details about the trust. From both we learn the source of the trust funds and the intention of the two settlors, their working arrangement with respect to deposits and withdrawals and the frequent exchange of the passbook between them. The actions of the father show that he did not regard the trust as revocable. He respected his son's participation in the account as depositor and as beneficiary. He showed him each withdrawal and each entry of interest. He did not close the account unilaterally; before doing so he consulted his son and obtained his approval. His closing of the Aetna account was not a revocation of the trust nor did he regard it as such. He sought to continue the trust by redepositing part of the fund in the Aetna bank under a declaration of trust such as previously used and by depositing the $3,000.00 in the Exchange bank under that bank's trust deposit form.

497

■ Under the evidence here and under the holding in the Albert case we are of the opinion that a valid express trust was established at the Aetna bank and that the $3,000.00 on deposit at the Exchange bank was, and was intended by Saul Joseph to be, part of the corpus of the trust. Because of this, it is unnecessary to discuss the possibility that a resulting trust arose under the facts or the other contentions made by the respondent.

The order of the Probate Court that the Exchange National Bank turn over to the administrator the account in the name of Saul Joseph, trustee, will be reversed.

Reversed.

SCHWARTZ, P. J. and McCORMICK, J., concur.