In the Matter of the Estate of Antonio Petralia, Deceased.

Leo Petralia, Administrator of the Estate of Antonio Petralia, Deceased, Respondent-Appellant, v. Dominica Di Maggio, Petitioner-Appellee.

Gen. No. 49,210.

First District, Third Division.

April 23, 1964.

Salvatore E. Oddo, of Chicago, for appellant.

Mayo, Leigh & Hinchcliff, of Chicago (William H. Leigh and Paul E. Price, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from an order of the Probate Court of Cook County in a citation proceeding brought by Leo Petralia, Administrator of the Estate of Antonio Petralia, deceased, against Dominica Di Maggio. The Probate Court decreed that the proceeds of the savings trust account No. 36807 in The First National Bank of Chicago are the property of Dominica Di Maggio, the named beneficiary of the account; that the administrator of the estate of the depositor has no interest

therein, and that said administrator turn the account's passbook over to the said Dominica Di Maggio.

The evidence adduced at the trial in the citation proceeding showed that on November 8, 1948 Antonio Petralia opened a savings account in The First National Bank of Chicago in the name of "Tony Petralia, Trustee." On the face of the signature card appeared the name and number of the account, the signature "Tony Petralia" with the designation "trustee" written on the next line, the date November 8, 1948 and certain other information obtained for the purpose of identifying the depositor. On the reverse side the following deposit agreement appeared:

> "All deposits in this account are made for the benefit of Domenica Di Maggio
>
> "To whom or to whose legal representative said deposits or any part thereof, together with the interest thereon, may be paid in the event of the death of the undersigned Trustee.
>
> /s/ Tony Petralia<br>Trustee"

Immediately under the agreement, on a line designated "trustee" appeared the signature "Tony Petralia." Also shown on the back of the card was an address, 226 W. Scott St., and the name "Mrs. Domenica Di Maggio" written in longhand followed by a date July 29, 1909, and the designation "daughter."

Although the name of the petitioner in the instant case appears as Dominica Di Maggio, and the name of the beneficiary as shown on the deposit agreement is Domenica Di Maggio, no issue has been raised as to this inconsistency.

There were numerous deposits into the account and withdrawals from the account from the time of its inception until the depositor's death on January 5, 1962. All of the deposits and withdrawals were made

by the decedent himself. On the date of decedent's death there was a balance in said account of $17,189.15. The passbook for said account was in the possession of the decedent at the time of his death, and thence came into the possession of Leo Petralia, the administrator of the estate.

The appellant produced a witness at the trial in an effort to show that the decedent in setting up the savings account did not intend to create a trust. The witness was the decedent's nephew, who testified that he had a conversation with the decedent in which he stated that he had put his oldest daughter on his bank account to withdraw and put in money for him for his convenience because she worked downtown. The evidence, however, showed that all of the deposits and withdrawals were made by the decedent. The witness also said that he had asked the decedent what he was going to do with his money and that the decedent had said he was not worried, his children would divide it when he passed away.

The trial judge concluded that the above testimony was insufficient to establish lack of intent on the part of decedent to create a trust. He gave no credence to the testimony of this witness. The trial judge had the opportunity to observe the witness's demeanor while testifying, his candor or lack of candor, his possible interest, if any, and the like, and under the circumstances we do not feel that this court has the right to interfere with the conclusion reached by the trial court. Certainly, the statement that the daughter's name was placed on the account as beneficiary for the convenience of the decedent in the making of deposits and withdrawals was overcome by the fact that the decedent himself made all deposits and withdrawals.

Respondent's contentions here, as they were in the court below, are that in so far as the decedent at-

tempted to use this account to pass the balance remaining at his death to the named beneficiary, it amounted to a testamentary disposition which failed to meet the requirements of the Statute of Wills; that the control which the settlor had over the account during his life rebuts any possible inference of a present interest in the beneficiary, and, unless the trust creates such an interest, it is illusory and invalid; and that the deposit in the savings account by the decedent in his own name as trustee for the petitioner, standing alone, was insufficient to establish a valid trust.

It is conceded that the language of the deposit card would not satisfy the requirements of the Statute of Wills, therefore, it is necessary for us to determine whether a valid trust was created by this document.

In Farkas v. Williams, 5 Ill2d 417, 125 NE2d 600 the court was construing a declaration of trust in which the settlor-trustee reserved to himself the following powers: (1) the right to receive during his lifetime all cash dividends; (2) the right at any time to change the beneficiary or revoke the trust; and (3) upon sale or redemption of any portion of the trust property, the right to retain the proceeds therefrom for his own use. On page 421 the court said:

> "If no interest passed to Williams before the death of Farkas, the intended trusts are testamentary and hence invalid for failure to comply with the statute on wills. . . . But considering the terms of these instruments we believe Farkas did intend to presently give Williams an interest in the property referred to."

And on page 422 the court said:

> "It is difficult to name this interest of Williams, nor is there any reason for so doing so long as it passed to him immediately upon the creation of

the trust. As stated in 4 Powell, The Law of Real Property, at page 87: 'Interests of beneficiaries of private express trusts run the gamut from valuable substantialities to evanescent hopes. Such a beneficiary may have any one of an almost infinite variety of the possible aggregates of rights, privileges, powers and immunities.' "

In the Farkas case the court discussed the question as to when an inter vivos trust fails as an attempted testamentary disposition and on page 424 used the following language:

"It is well established that the retention by the settlor of the power to revoke, even when coupled with the reservation of a life interest in the trust property, does not render the trust inoperative for want of execution as a will. Kelly v. Parker, 181 Ill 49; Bear v. Millikin Trust Co., 336 Ill 366; Gurnett v. Mutual Life Ins. Co., 356 Ill 612; Bergmann v. Foreman State Trust & Savings, 273 Ill App 408; 32 ALR2d 1279–1282."

██ Under Illinois law a revocable trust is not invalid for want of execution as a will.

In 32 ALR2d 1270, at pages 1276–7 it is said:

"The later cases, as do the earlier ones, justify the general conclusion that many and extensive rights and powers may be reserved by a settlor, in addition to a life interest and power of revocation, without defeating the trust. The instrument is likely to be upheld notwithstanding it includes additionally a reservation of power to amend the trust in whole or in part, or extensive powers over investments, management, or administration, or power to appoint or remove trustees or to appoint interests in remainder, or the right to act as trustee or as one of the trustees, or to enjoy limited

rights in the principal, or *to withdraw part or all of the principal,* or to possess, use, or enjoy the trust property, or to sell or mortgage the property or any of it and appropriate the proceeds." (Emphasis supplied.)

If the document before us has any force and effect, the beneficiary acquired an equitable interest in the deposits at the time the account was opened, subject to the divesting of that interest partially or wholly upon the happening of conditions subsequent, namely, withdrawals by the trustee of parts or of the whole of the deposits.

■ Valid and effective savings bank trusts are not illusory. In re Halpern's Estate, 303 NY 33, 100 NE2d 120.

The question now to be decided is whether the language of the deposit card created a valid and effective savings bank trust, either revocable or irrevocable.

In the case of In re Totten, decided by the Court of Appeals of New York, 179 NY 112, 71 NE 748, the facts were these:

The proceeding involved an accounting of William H. B. Totten, administrator of the Estate of Fanny Amelia Lattan, deceased. Emile R. Lattan presented a claim against the estate of the decedent, which was rejected by the administrator. The claim was for the sum of $1775.03 with interest, alleged to be due by reason of certain deposits made by the decedent in the Irving Savings Institution, as trustee for the said Emile R. Lattan, the moneys so deposited having been subsequently withdrawn by the decedent. She withdrew from these accounts at will, and she closed them and opened others as she saw fit. She kept the passbooks and no beneficiary named in any account ever drew therefrom except upon drafts signed by her.

Upon her death there were accounts outstanding in her name as trustee in favor of Emile R. Lattan and three other persons, and they had the benefit thereof without controversy. The accounts in question were opened with her own money, and she treated the accounts as her own, drawing against them and making new deposits from time to time, as she thought best. Emile R. Lattan did not know of the existence of any accounts on which he relied in the proceeding until more than a year after the decedent died. The court in that case, on page 750 (In re Totten, 179 NY 112, 71 NE 748) said:

"This involves the question whether, upon the conceded facts, as matter of law, an irrevocable trust was established. Savings bank trusts, as they are sometimes called, have frequently been before the courts during the past few years. When we considered the pioneer case, but few instances of deposits in trust were known, and a liberal rule was laid down without the limitations which later cases required. After a while, when it became a common practice for persons to make deposits in that form in order to evade restrictions upon the amount one could deposit in his own name and for other reasons, the courts became more conservative, and sought to avoid unjust results by adapting the law to the customs of the people."

The court then reviewed the cases on the subject which had been passed upon by the New York courts and on page 752 said the following:

"After much reflection upon the subject, guided by the principles established by our former decisions, we announce the following as our conclusion: A deposit by one person of his own money in his own name as trustee for another, standing alone,

129

does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

The same decision was reached in the later case of Tierney v. Fitzpatrick, 122 App Div 623, 107 NY Supp 527, except that in that case and subsequent cases notice to the beneficiary, and even the giving of the passbook to the beneficiary in some cases, did not constitute such an act by the settlor as to make the trust irrevocable.

In the American Law Institute's Restatement of the Law of Trusts (Restatement (second), Trusts sec 58), it is said:

"Where a person makes a deposit in a savings account in a bank or other savings organization in his own name as trustee for another person intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is enforceable by the beneficiary, upon the death of the depositor, as to any part remaining on deposit on his death if he has not revoked the trust."

In the comment (Restatement (second), Trusts sec 58 comment a) on the above statement it is said:

"If a person makes a savings deposit in a bank in his own name 'as trustee' for another person,

his intention may be either (1) to create a revocable trust, or (2) to create an irrevocable trust, or (3) not to create a trust. Evidence may be admitted to show which was his intention. In the absence of evidence of a different intention of the depositor, the mere fact that a deposit is made in a savings bank in the name of the depositor 'as trustee' for another person is sufficient to show an intention to create a revocable trust. To such a trust the rule stated in this section is applicable. Such a trust is called a 'tentative trust.' "

Further on in the comment (Restatement (second) Trusts sec 58 comment c) it is said:

"A tentative trust of a savings deposit can be revoked by the depositor at any time during his lifetime, by a manifestation of his intention to revoke the trust. No particular formalities are necessary to manifest such an intention. If he withdraws any part of the deposit during his lifetime, *the withdrawal operates as a revocation of the trust to the extent of such withdrawal,* and the beneficiary will be entitled only to the amount remaining on deposit at the death of the depositor." (Emphasis supplied.)

Respondent called the court's attention to the case of In re Estate of Hoffman, 175 Ohio St 363, 195 NE2d 106, an Ohio decision holding that the mere deposit in a savings account of funds in the name of the depositor for the benefit of a named beneficiary standing alone is insufficient to establish an intent to create a valid enforceable trust. Ohio has refused to follow the lead of the New York decisions which we find are better calculated to carry out the intention of the parties and to do substantial justice. In so doing we line up with the weight of authority. As was said in Scott, Trusts, sec 58.1 (2nd ed, 1955);

131

"In most states . . . the inference is that the depositor intended to create a trust but to reserve power to revoke it at any time."

In the case of In re Estate of Joseph, 30 Ill App2d 492, 175 NE2d 265, the court discussed the following form used by the Exchange National Bank of Chicago:

> All deposits in this account are made for the benefit of
>
> Donald Joseph 2947 N. Fairfield
> _____
>
> Name of Beneficiary Residence
>
> To whom or to whose legal representative said deposits or any part thereof, together with the interest thereon, may be paid in the event of the death of the undersigned Trustee.

This form is practically identical to the form used by The First National Bank which is under consideration in the instant case. The court at page 493, referring to the above form, said:

> "There must be hundreds of individual trust accounts in Chicago banks which have used this or similar forms. Countless depositors, who have the right to make withdrawals at will and to close out their accounts, have designated themselves as trustees in the belief that the beneficiary named by them will receive whatever balance remains in their accounts at their deaths."

The facts of the Joseph case made it unnecessary for the court to decide the effect of the quoted form.

For the first time a court of Appellate jurisdiction in Illinois has been squarely confronted with the question whether a deposit form such as the one herein is sufficient to create a valid trust.

Because of the great number of savings accounts of this type existing in Chicago banks it is necessary for this court to pronounce the law applicable to them.

■ ■ We announce the following as the law of Illinois with regard to so-called Totten trusts. The fact that a deposit is made in a savings account in the name of the depositor as trustee for another person is sufficient to show an intention to create a revocable trust unless evidence of a different intention of the depositor can be shown. Such a tentative trust is revocable at will until the depositor dies or completes the gift in his lifetime and should the depositor die before the beneficiary, leaving a balance in the trust account, the presumption arises that an absolute trust was created for the benefit of the cestui que trust of the balance of the deposit on hand at the death of the trustee. Each withdrawal constitutes a revocation of the trust to the extent of the amount withdrawn.

■ By this statement we do not mean to say that all accounts opened by a settlor-trustee must be construed as tentative trusts which are revocable at will, but extrinsic evidence may be shown to counteract the general rule.

The decision in this case is not contrary to the decision in the case of In re Estate of Joseph, 30 Ill App2d 492, 175 NE2d 265. In that case the court construed a trust account opened in the Aetna State Bank. The language provided that during the lifetime of the trustee all moneys now or hereafter deposited in said account shall be paid to or upon the order of the trustee and, upon the death of the trustee, all moneys deposited in said account shall be payable to or upon the order of the beneficiary, or to his legal representative. The court held that an irrevocable trust had been created for the benefit of the named beneficiary. The court on page 497 (In re Estate of Joseph, 30 Ill App2d 492, 175 NE2d 265) said:

"The testimony and the exhibits in the present case supplied details about the trust. From both we learn the source of the trust funds and the intention of the two settlors, their working arrangements with respect to deposits and withdrawals and the frequent exchange of the passbook between them. The actions of the father show that he did not regard the trust as revocable. He respected his son's participation in the account as depositor and as beneficiary. He showed him each withdrawal and each entry of interest. He did not close the account unilaterally; before doing so he consulted his son and obtained his approval. His closing of the Aetna account was not a revocation of the trust nor did he regard it as such. He sought to continue the trust by redepositing part of the fund in the Aetna bank under a declaration of trust such as previously used and by depositing the $3,000.00 in the Exchange bank under that bank's trust deposit form."

The court upon those facts properly found that an irrevocable trust had been created.

Likewise, in the case of Albert v. Albert, 334 Ill App 440, 80 NE2d 69, which again involved a deposit card on a form supplied by the Aetna State Bank, the facts showed that it was the intention of the parties to create an irrevocable trust; that the trust was treated in that manner by the trustees; that when $30,000.00 was withdrawn and used for the purchase of bonds, the bonds were turned over to the beneficiary. An income tax return was prepared for the trust for the year 1944 in March of 1945; had it been considered a revocable trust the settlor personally would have been liable for the tax on the income, or would have at least been required to file the income tax return, even

134

though no tax might be owing. The facts of that case likewise required the court to find that no revocable trust had been created.

In the instant case, the language on the back of the card is, in part, "To whom or to whose legal representative *said deposits or any part thereof,* together with the interest thereon, *may* be paid in the event of the death of the undersigned Trustee." This language is difficult to construe. We find that this language is substantially the same as that used in Chapter 16½, section 145, Ill Rev Stats 1961. That statute reads as follows:

> "If a deposit is made with a bank by one person in trust for another, the name and residence of the person for whom it is made shall be disclosed, and it shall be credited to the depositor as trustee for such person; and if no other notice of the existence of and terms of a trust has been given in writing to the bank, *the deposit, or any part thereof, together with the interest thereon, may in the event of the death of the trustee, be paid to the person for whom said deposit was made, or to his legal representative.* No bank so paying shall thereby be liable for any estate, inheritance or succession taxes or penalties due this State." (Emphasis supplied.)

This statute was passed to protect banks from liability for estate, inheritance or succession taxes or penalties due the State should the banks pay out the balance on hand to the beneficiary named in such trust account, and while the underscored language is understandable in the statute it is difficult to understand the same language in a deposit contract. For example, it certainly cannot mean that upon the death of the trustee the bank is authorized to pay one-half of the balance on hand, which would be a part of the

135

deposit, and it would further be difficult to understand why the option to pay to the beneficiary is left with the bank. This could be construed from the words *"may* be paid in the event of the death of the undersigned trustee." This language is used for the protection of the bank and has no bearing on the issues before us.

■ Applying the law announced by this decision concerning so-called Totten trusts, we hold that the deposit by the decedent in the savings account in his name as trustee for the petitioner raised a presumption of an intention on his part to create a tentative trust. The credible evidence in this case fails to rebut this presumption. The trust so established was revocable at will until the depositor died, at which time an absolute trust was created for the benefit of the petitioner of the balance on hand at the death of the trustee. Each withdrawal constituted a revocation of the trust to the extent of the amount withdrawn and each deposit increased the corpus to the extent of such deposit. Upon the death of the trustee the balance of the account became the property of Dominica Di Maggio.

For the foregoing reasons the order of the Probate Court of Cook County is affirmed.

Order affirmed.

SCHWARTZ, P. J. and DEMPSEY, J., concur.